■ H. & H. K. TOYS & SPORTING, INC., Doing Business as TRUDY'S TOYLAND, et al., Appellants, v. LUMBERMENS MUTUAL CASUALTY COMPANY, Respondent.— Appeal from an order of the Supreme Court at Special Term, entered in Sullivan County on December 16, 1971, which denied the plaintiffs' motion for summary judgment and granted the defendant's motion for summary judgment dismissing the complaint. The plaintiffs are the defendants in an action brought against them on behalf of an infant which alleged that on August 1, 1967 Helen Kaufman sold B-B pellets to another infant who caused injuries by shooting the said pellets at the foresaid plaintiff infant. The negligence of Helen Kaufman was premised upon subdivision 5 of section 265.10 of the Penal Law. Lumbermens Mutual Casualty Company is the insurer of the plaintiffs herein and has denied coverage for the incident. Pursuant to the policy of insurance, the defendant herein is obligated to "pay on behalf of

the insured all sums which the insured shall become legally obligated to pay as damages because of bodily injury * * * sustained by any person, caused by accident and arising out of the ownership, maintenance or use of the premises, and all operations necessary or incidental thereto." Special Term held that under the terms of the policy an accident resulting from the use of goods sold by the plaintiffs occurring away from the premises and while in the vendee's possession is not covered by the above quoted language. Negligence on the part of the owner and/or operator of the premises when predicated upon merely providing a dangerous instrumentality to another whereby injury is caused to yet a third person does not reasonably appear to fall within the language above quoted. While not entirely analogous it has recently been held that providing an infant with the possibly dangerous instrumentality of a motor vehicle might be negligence, but such negligence is not directly related to the ownership or use of the vehicle. (*Lalomia* v. *Bankers & Shippers Ins. Co.*, 35 A D 2d 114, 117, affd. 31 N Y 2d 830; *Geiger* v. *Insurance Co. of No. Amer.*, 41 A D 2d 796.) Order affirmed, without costs. Herlihy, P. J., Staley, Jr., Sweeney, Kane and Reynolds, JJ., concur.