■ SEARS OIL CO., INC., Appellant, v MERCHANTS INSURANCE GROUP, Respondent, et al., Defendants. — Order unanimously affirmed, with costs. Memorandum: Plaintiff owns a service station in Rome, New York and is a defendant in another action in which it is alleged that the operator of a restaurant had a portable kerosene space heater filled at plaintiff's service station; that the attendant negligently filled the heater with gasoline; and that the space heater burst into flames when it was ignited, causing severe property damage to the restaurant. A summons and complaint in that action were served on plaintiff on June 5, 1980 and were forwarded by plaintiff's attorney to defendant Merchants Insurance Group (Merchants) on June 18, 1980, with a cover letter stating "It appears that you are required to provide Sears Oil Co., Inc. both a defense and coverage in this matter by virtue of the property damage liability provisions within the policy issued by you to Sears Oil." Without making any reservation of rights, Merchants retained a law firm to defend plaintiff. That firm served an answer and a demand for a bill of particulars; commenced a third-party action against the lessee of the service station; accepted service of a third-party complaint against plaintiff in an action brought against the owners of the restaurant by certain band members whose musical instruments were destroyed in the fire; accepted service of a notice of motion to consolidate the two actions; and continued to represent plaintiff until August 26, 1980 when Merchants disclaimed responsibility and returned the litigation papers to plaintiff's personal attorneys. Plaintiff then commenced this action for declaratory judgment, seeking a declaration of its right to a defense and indemnity under the liability insurance policy issued by Merchants. Plaintiff moved for summary judgment on the ground that by commencing defense of the actions against plaintiff without reserving its rights, Merchants had waived its right to disclaim responsibility under the policy. Special Term denied the motion upon its finding that there were questions of fact on the issue of whether defendant should be estopped from disclaiming. We agree. The affirmative insuring clause provides for coverage "caused by an *occurrence* and arising out of the ownership, maintenance or use of the *insured premises* and all operations necessary or incidental thereto". Excluded from coverage, however, is the *"products hazard"*, which is defined as follows: "includes *bodily injury* and *property damage* arising out of the *named insured's products* or reliance upon a representation or warranty made at any time with respect thereto, but only if the *bodily injury* or *property damage* occurs away from premises owned by or rented to the *named insured* and after physical possession of such products has been relinquished to others". That the exclusionary language is unambiguous and does not provide coverage for the fire damage here is well settled (see *Hagen Supply Corp. v Iowa Nat. Mut. Ins. Co.,* 331 F2d 199; *Tidewater Associated Oil Co. v Northwest Cas. Co.,* 264 F2d 879; *H. & H. K. Toys & Sporting v Lumbermen's Mut. Cas. Co.,* 42 AD2d 634; *Brainard v Aetna Cas. & Sur. Co.,* 17 Misc 2d 810). Where the occurrence is not covered by the policy, the insurer is under no duty either to defend or indemnify *(Lionel Freedman, Inc. v Glens Falls Ins. Co.,* 27 NY2d 364; *Prashker v United States Guar. Co.,* 1 NY2d 584). Plaintiff's argument that Merchants has waived its right to disclaim is without merit. Waiver is a well-recognized doctrine of insurance law *(Draper v Oswego County Fire Relief Assn.,* 190 NY 12; *Kiernan v Dutchess County Mut. Ins. Co.,* 150 NY 190) but the doctrine is inapplicable where the issue is the existence or nonexistence of coverage *(Schiff Assoc. v Flack,* 51 NY2d 692). Defendant's failure to have earlier disclaimed does not create coverage which the policy does not provide *(Zappone v Home Ins. Co.,* 55 NY2d 131). Although the doctrine of waiver is inapplicable, an insurer, by undertaking defense of an action, may be estopped

from denying coverage if the insured has been prejudiced by the insurer's conduct (*Schiff Assoc. v Flack, supra; O'Dowd v American Sur. Co. of N. Y.,* 3 NY2d 347; *Moore Constr. Co. v United States Fid. & Guar. Co.,* 293 NY 119; *Gerka v Fidelity & Cas. Co. of N. Y.,* 251 NY 51). Whether plaintiff has been prejudiced by Merchants' delay in disclaiming or by the effects of Merchants' exclusive control over the early stages of the litigation are factual issues which may not be resolved on a motion for summary judgment (see *Ashland Window & Housecleaning Co. v Metropolitan Cas. Ins. Co. of N. Y.,* 269 App Div 31). Plaintiff's other claims of error are without merit. (Appeal from order of Supreme Court, Oneida County, Hayes, J. — summary judgment.) Present — Dillon, P. J., Callahan, Doerr, Denman and Boomer, JJ.