■ PENNSYLVANIA GENERAL INSURANCE COMPANY, Respondent-Appellant, v DAVID KIELON, Doing Business as KIELON GUNSMITHS, Appellant-Respondent.—Order unanimously af-

firmed, without costs. Memorandum: Defendant Kielon is a gunsmith. Either he or one of his employees sold gunpowder to 15- and 17-year-old brothers. The 15 year old attempted to construct a pipe bomb in the basement of his home; the powder exploded and he was fatally injured. A wrongful death action was commenced against Kielon, and he tendered the defense of the suit to plaintiff, his liability insurer. Plaintiff thereafter brought this action for declaratory judgment, seeking a declaration that it has no duty to defend or indemnify Kielon. The complaint alleges that the action is excluded from coverage under the policy's "products hazard" exclusion, and that defendant Kielon violated the condition of the policy requiring the insured to give notice of the occurrence "as soon as practicable".

In his answer, Kielon denied that the accident is not covered under the policy and denied giving late notice of the occurrence. He asserted counterclaims and affirmative defenses which, in sum, allege that the policy, by indorsement or by understanding, either did or should have insured against "products hazard".

Special Term refused to grant either party summary judgment, ruling that while the policy, as written, excluded coverage of the accident, a declaration to that effect must await determination of Kielon's counterclaims and affirmative defenses. The court also withheld a declaration on the issue of timeliness of notice pending a factual hearing. Kielon appeals from that part of the order holding that the accident is not covered by the policy as written, and plaintiff cross-appeals from that part of the order denying it summary judgment on the issue of timeliness of notice.

The relevant part of the insuring clause provides: "The Company will pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of bodily injury or property damage to which this insurance applies, caused by an occurrence, and arising out of the ownership, maintenance or use of the insured premises and all operations necessary or incidental to the business of the named insured conducted at or from the insured premises".

By indorsement, however, the policy excludes from coverage "products hazard", which is defined as: "bodily injury and property damage arising out of the named insured's products or reliance upon a representation or warranty made at any time with respect thereto, but only if the bodily injury or

property damage occurs away from premises owned by or rented to the named insured and after physical possession of such products has been relinquished to others".

Kielon argues that the "products hazard" exclusion applies only to defective products, and since it is unquestioned that the gunpowder here was not defective, the exclusion is inapplicable. While there is case authority in other jurisdictions to support that argument (see, McGinnis v Fidelity & Cas. Co., 276 Cal App 2d 15, 80 Cal Rptr 482; Farm Bur. Mut. Ins. Co. v Lyon, 528 SW2d 932 [Ark]; Florida Farm Bur. Mut. Ins. Co. v Gaskins, 405 So 2d 1013 [Fla]), no New York authority is cited. It is well settled that where an exclusionary clause is found to be unambiguous, it must be given its plain and ordinary meaning (Novak v All City Ins. Co., 43 NY2d 854). In Sears Oil Co. v Merchants Ins. Group (88 AD2d 753), we found that a products hazard clause indistinguishable from the clause at bar was unambiguous and excluded coverage. The same conclusion must be reached here. The injury arose out of the insured's product and it occurred away from the insured's premises after physical possession of the product had been relinquished to decedent and his brother. On these undisputed facts, Special Term correctly ruled that the policy, as written, excludes coverage of the accident.

We have reviewed plaintiff's cross appeal and we agree with Special Term that a factual issue was presented as to whether Kielon gave notice of the occurrence "as soon as practicable". (Appeals from order of Supreme Court, Monroe County, Conway, J.—summary judgment.) Present—Dillon, P. J., Doerr, Boomer, O'Donnell and Pine, JJ.