■ NEW YORK CASUALTY INSURANCE COMPANY, Appellant, v HALLEY ELECTRIC CO., INC., Respondent, et al., Defendants.— Order unanimously reversed on the law without costs and summary judgment granted to plaintiff, in accordance with the following memorandum: On December 29, 1983 a fire caused extensive damage to premises known as McCormick's Restaurant, as well as to numerous businesses located along the St. Lawrence River waterfront in Clayton, New York. The cause of the fire was the alleged improper mating of two electrical components which were allegedly sold by defendant Halley Electric Co., Inc. A property damage action was commenced by the owners of the various businesses damaged as a result of the fire against defendant and the manufacturers of the electrical components. The complaint asserted five causes of action against defendant, alleging that it negligently supplied connectors that were of improper dimension, that it failed to warn of the hazardous condition caused by improper mating, that it breached its warranty of fitness for a particular purpose, that it was strictly liable and that it negligently failed to comply with accepted electrical standards and codes. Defendant tendered defense of the suit to plaintiff, its liability carrier. Plaintiff thereafter commenced this action seeking a declaration that it has no duty to defend or indemnify defendant. The complaint alleged that the action was excluded from coverage under the policy's "products hazard" exclusion.

By indorsement the policy excludes from coverage "products

hazard" which is defined as: "bodily injury and property damage arising out of the named insured's products or reliance upon a representation or warranty made at any time with respect thereof, but only if the bodily injury or property damage occurs away from premises owned by or rented to the named insured and after physical possession of such products has been relinquished to others".

It is well settled that where an exclusionary clause is found to be unambiguous, it must be given its plain and ordinary meaning *(Pennsylvania Gen. Ins. Co. v Kielon,* 112 AD2d 709, 711; *see, Novak v All City Ins. Co.,* 43 NY2d 854). In *Pennsylvania Gen. Ins. Co. v Kielon (supra)* and *Sears Oil Co. v Merchants Ins. Group* (88 AD2d 753), we found that product hazard clauses indistinguishable from the clause in the instant case were unambiguous and excluded coverage. The same conclusion must be reached in this case. The exclusionary language does not provide coverage for the fire damage sustained in the case before us *(see, Sears Oil Co. v Merchants Ins. Group, supra; Tidewater Associated Oil Co. v Northwest Cas. Co.,* 264 F2d 879). Where, as here, the policy excludes coverage of the accident giving rise to the underlying action, the insurer is under no duty either to defend or indemnify *(Sears Oil Co. v Merchants Ins. Group, supra; see, Lionel Freedman, Inc. v Glens Falls Ins. Co.,* 27 NY2d 364, *rearg denied* 28 NY2d 859). Accordingly, plaintiff is entitled to judgment declaring that it has no duty to defend or indemnify defendant in the underlying property damage action. (Appeal from judgment of Supreme Court, Jefferson County, Inglehart, J.—declaratory judgment.) Present—Callahan, J. P., Doerr, Boomer, Lawton and Davis, JJ.