RHINEBECK BICYCLE SHOP, INC., Respondent, v STERLING INSURANCE COMPANY, Appellant.

Third Department, October 26, 1989

### APPEARANCES OF COUNSEL

*Waxman, Miller & Trautwig, P. C. (Michael Majewski* and *Kenneth J. Burke* of counsel), for appellant.

*Marshall C. Lipton (Robert M. Cohen* of counsel), for respondent.

### OPINION OF THE COURT

LEVINE, J.

In April 1986, Peggy O'Connor purchased a bicycle from plaintiff. O'Connor also had plaintiff assemble the bicycle prior to the sale. On June 29, 1986, O'Connor was injured while riding the bicycle and she and her husband thereafter commenced an action against plaintiff alleging negligent assembly, breach of the warranty of fitness and also a derivative claim by O'Connor's husband. Plaintiff had a general liability insurance policy that it had obtained from defendant. Upon being notified of the lawsuit, defendant refused to provide either a defense or indemnity and disclaimed coverage based upon endorsement LS-16 in the policy.

Plaintiff then commenced the instant declaratory judgment action, seeking a declaration that defendant has the duty to provide coverage under the policy. Following joinder of issue, plaintiff moved for summary judgment and proffered an affidavit by Martin Schleede and David Schleede, plaintiff's presi-

dent and vice-president, in which they stated that they were unaware of the endorsement relied on by defendant and that the endorsement was so poorly worded that it was incomprehensible.

Defendant opposed the motion for summary judgment, claiming that the policy was unambiguous and clearly did not cover the underlying personal injury action. Defendant also submitted an affidavit from Robert Ryan, the insurance agent who sold the policy to plaintiff, in which Ryan states that plaintiff had previously inquired about the cost of a policy which included product liability and completed operations coverage but purchased a policy without such coverage. Defendant's attorney also submitted an affidavit and requested summary judgment in its favor pursuant to CPLR 3212 (b), claiming that no cross motion was necessary.

Supreme Court denied plaintiff's motion for summary judgment and implicitly denied defendant's request for the same relief, finding that questions of fact existed. Defendant now appeals from the entire order.

█ Initially, we must determine whether defendant is properly considered an aggrieved party for purposes of this appeal, since it made no cross motion before Supreme Court and plaintiff's motion was denied. Summary judgment, however, is one of the rare instances where relief may be granted to the nonmoving party either at nisi prius or on appeal (CPLR 3212 [b]). Furthermore, in this case, defendant's opposing papers included a specific request that the court search the record and grant summary judgment in its favor. Accordingly, we conclude that defendant is sufficiently aggrieved by Supreme Court's failure to grant the requested relief that it may maintain this appeal (see, Vecchio v Lack, 131 AD2d 465, 466).

Turning to the merits of this appeal, defendant contends that Supreme Court erred in finding that questions of fact exist concerning its obligation to defend the underlying personal injury action. In support of this contention, defendant relies upon the completed operations and products hazard exclusion contained in paragraph p of the exclusion section of the policy, as set forth below:

"D. EXCLUSIONS

"Exclusions that apply to Bodily Injury and Property Damage:

"We do not pay for loss resulting directly or indirectly from the following, unless specific coverage is added to your policy.

"WE DO NOT PAY FOR * * *

"(p) bodily injury or property damage included within the completed operations hazard or the products hazard definitions".

The definitions provide, in pertinent part, that the "insured's products" include "goods or products manufactured, *sold, handled* or *distributed* by the named insured" (emphasis supplied). "Products hazard" is defined as "bodily injury or property damage that results from the named insured's products" including liability stemming from "representation or warranty of those products" where the injury or damage occurs *away* from the insured's premises *and after* the insured has relinquished physical possession of the products. The definition of "completed operations hazard" is "bodily injury or property damage" resulting from "operations or from reliance upon a representation or warranty made at any time" so long as the "bodily injury or property damage occurs *after* such operations have been completed * * * *and* occurs *away* from the premises owned or rented by the named insured" (emphasis supplied).

■ We agree with defendant that the claims asserted against plaintiff in the underlying personal injury action come within the clear and unambiguous terms of the products hazard and completed operations exclusions *(see, Pennsylvania Gen. Ins. Co. v Kielon,* 112 AD2d 709, 711; *Sears Oil Co. v Merchants Ins. Group,* 88 AD2d 753).

Plaintiff's contention that these exclusions were waived by defendant's failure to originally disclaim upon such grounds is unavailing since the doctrine of waiver is inapplicable "where the issue is the existence or nonexistence of coverage (e.g., the insuring clause and exclusions)" *(Schiff Assocs. v Flack,* 51 NY2d 692, 698; *see, Sears Oil Co. v Merchants Ins. Group, supra).* We also reject plaintiff's contention that questions of fact exist based upon the affidavit of plaintiff's president and vice-president which states that they were unaware of the specific exclusions. This affidavit does not allege that defendant or one of its agents ever misrepresented the scope of coverage provided by the policy and plaintiff cannot claim that it should not be subject to certain provisions when its ignorance of those provisions is apparently due to a failure to read the policy *(see, Metzger v Aetna Ins. Co.,* 229 App Div 26, 28).

■ Plaintiff also argues that an ambiguity exists in the

policy when the products hazard and completed operations exclusions are read in conjunction with the contractual liability exclusion, which states:

"WE DO NOT PAY FOR:

"(a) liability assumed by the insured under any contract or agreement * * * BUT this exclusion DOES NOT APPLY to a warranty of fitness or quality of the named insured's products or a warranty that work performed by or on behalf of the named insured will be done in a workmanlike manner."

According to plaintiff, the policy is ambiguous because the contractual liability clause implicitly acknowledges and reserves coverage for warranty liability while the products hazards and completed operations hazard clauses exclude warranty liability where the injury occurs away from the insured's premises. However, a specific and unambiguous exclusion is to be given effect over other provisions which might be construed to generally acknowledge that a particular risk is covered. In a case where the identical policy exclusions were at issue, the Michigan Court of Appeals found no ambiguity and ruled that the policy excluded " 'bodily injury and property damage included within the completed operations hazard or the products hazard regardless of whether coverage for those hazards was provided for by the general coverage provisions of the comprehensive general liability insurance portion of the policy or by an exception to an exclusion from those general coverage provisions' " (Tiano v Aetna Cas. & Sur. Co., 102 Mich App 177, 184, 301 NW2d 476, 480, quoting Roberts v P. & J. Boat Serv., 357 F Supp 729, 734). We conclude that where, as here, the policy contains provisions which clearly and specifically exclude certain risks, such provisions take precedence over other clauses which may describe or acknowledge general areas of coverage, such that no genuine ambiguity arises (see, Zandri Constr. Co. v Firemen's Ins. Co., 81 AD2d 106, 108-109, affd sub nom. Zandri Constr. Co. v Stanley H. Calkins, Inc., 54 NY2d 999; see generally, 2 Couch, Insurance § 15:71, at 323-325 [2d ed rev]). Under this same reasoning, plaintiff also cannot rely on an alleged ambiguity in endorsement LS-16 in light of the specific and clear exclusions for products hazards and completed operations hazards (see, Zandri Constr. Co. v Firemen's Ins. Co., supra). We have considered plaintiff's remaining contentions and find them to be without merit.

MAHONEY, P. J., CASEY, YESAWICH, JR., and HARVEY, JJ., concur.

Order reversed, on the law, without costs, summary judgment granted to defendant and it is declared that defendant does not have a duty to provide coverage to plaintiff under liability policy No. SMP200532 in the action commenced against plaintiff by Peggy O'Connor and Thomas O'Connor.