■ LOGAN'S SILO SALES & SERVICE, INC., Respondent, v NATIONWIDE MUTUAL FIRE INSURANCE COMPANY, Appellant.— Judgment insofar as appealed from unanimously reversed on the law without costs, motion granted and judgment granted in accordance with the following Memorandum: On March 8, 1988 Scott Simmons was injured while operating a roller mill purchased from plaintiff. Simmons commenced an action against plaintiff, alleging that plaintiff was negligent in failing to provide proper instructions, that it sold a defectively designed machine, and that it breached express and implied warranties of merchantability and fitness for a particular use. Upon being notified of the personal injury action, defendant refused to provide plaintiff a defense and disclaimed coverage under the "[p]roducts-completed operations hazard" exclusion of plaintiff's liability policy.

Plaintiff commenced this action for declaratory judgment. Following discovery both parties moved for summary judgment, seeking declarations determining defendant's duty to provide coverage under the policy. Supreme Court denied defendant's motion, granted partial summary judgment to plaintiff and declared that defendant has a duty to defend plaintiff in the underlying personal injury action. We disagree.

By endorsement the policy excludes from coverage "all 'bodily injury' and 'property damage' occurring away from premises you own or rent and arising out of 'your product' or 'your work' except: (1) Products that are still in your physical possession; or (2) Work that has not yet been completed or abandoned." It is undisputed that the accident occurred away from plaintiff's premises and that the roller mill was no longer in plaintiff's physical possession. Further, plaintiff's "work" was deemed completed under the policy as soon as it was "put to its intended use" by the purchasers.

Where an exclusionary clause is unambiguous, it must be given its plain and ordinary meaning *(New York Cas. Ins. Co. v Halley Elec. Co,* 148 AD2d 967, 968; *Pennsylvania Gen. Ins. Co. v Kielon,* 112 AD2d 709, 711). Here, the allegations of the underlying personal injury action come within the clear and unambiguous terms of the "[p]roducts-completed operations hazard" exclusion *(see, Matter of Duncan Petroleum Transp. v Aetna Ins. Co.,* 96 AD2d 942, 943, *affd* 61 NY2d 665; *Rhinebeck Bicycle Shop v Sterling Ins. Co.,* 151 AD2d 122, 125; *New York Cas. Ins. Co. v Halley Elec. Co., supra,* at 968; *Sears Oil Co. v Merchants Ins. Group,* 88 AD2d 753). Because the policy excludes coverage of the accident giving rise to the underlying action, defendant has no duty to defend or indemnify *(see, New York Cas. Ins. Co. v Halley Elec. Co., supra,* at 968; *Sears Oil Co. v Merchants Ins. Group, supra).* Therefore, we grant judgment in favor of defendant declaring that it has no duty to defend or indemnify plaintiff in the action commenced against plaintiff by Scott Simmons. (Appeal from Judgment of Supreme Court, Lewis County, Parker, J.—Declaratory Judgment.) Present—Callahan, J. P., Boomer, Green, Fallon and Davis, JJ.