(April 28, 1997)

■ ABC MECHANICAL SYSTEMS CORP., Appellant-Respondent, v NEW YORK STATE OFFICE OF GENERAL SERVICES et al., Respondents, and ANTHONY MARINO CONSTRUCTION CORP. et al., Respondents-Appellants. [657 NYS2d 939] —In an action to foreclose a mechanic's lien and to recover damages for breach of contract, (1) the plaintiff appeals from an order of the Supreme Court, Kings County (Yoswein, J.), dated April 22, 1996, which (a) granted the motion of the defendants Anthony Marino Construction Corp., Federal Insurance Company, and Insurance Company of North America for partial summary judgment dismissing the first and second causes of action in the complaint insofar as asserted against them, and (b) denied its cross motion for leave to serve an amended complaint, and (2) the defendants Anthony Marino Construction Corp., Federal Insurance Company, and Insurance Company of North America cross appeal from a stated portion of the order.

Ordered that the cross appeal is dismissed, without costs or disbursements, on the ground that the cross appellants are not aggrieved by the portion of the order cross-appealed from (see, CPLR 5511); and it is further,

Ordered that the order is affirmed, without costs or disbursements.

The cross appeal from the order must be dismissed because the cross appellants are not aggrieved by the portion of the order cross-appealed from (*see,* CPLR 5511). Merely because that order " 'contain[s] language or reasoning which [the cross appellants] deem adverse to their interests does not furnish them with a basis for standing to take an appeal' " (*M. J. & K. Co. v Matthew Bender & Co.,* 220 AD2d 488, 489, quoting *Pennsylvania Gen. Ins. Co. v Austin Powder Co.,* 68 NY2d 465, 472-473).

The plaintiff's response to the documentary showing made by the defendants Anthony Marino Construction Corp., Federal Insurance Company, and Insurance Company of North America did not raise a triable issue of fact, and therefore, partial summary judgment was properly granted to those defendants (*see, Zuckerman v City of New York,* 49 NY2d 557, 562).

Furthermore, while leave to amend a pleading "shall be freely given upon such terms as may be just" (CPLR 3025 [b]), that decision is committed to the discretion of the court (*see, Mayers v D'Agostino,* 58 NY2d 696), the exercise of which will not be lightly disturbed (*see, Beuschel v Malm,* 114 AD2d 569). On this record, it was not an improvident exercise of discretion for the court to deny leave to amend the complaint. Mangano, P. J., Pizzuto, Krausman and Luciano, JJ., concur.