(February 20, 2001)

■ MICHAEL ANSPACH, Appellant-Respondent, v MILLER BLUFF's CONSTRUCTION CORP., Respondent-Appellant. (And a Third-Party Action.) [720 NYS2d 536] —In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Oshrin, J.), dated March 31, 2000, which denied his motion for summary judgment on the issue of liability pursuant to Labor Law § 240 (1) and § 241-a, and the defendant cross-appeals from so much of the order as stated that there is no basis upon which to dismiss so much of the complaint as asserts a cause of action to recover damages based on an alleged violation of Labor Law § 241-a.

Ordered that the cross appeal is dismissed (*see,* CPLR 5511); and it is further,

Ordered that the order is affirmed; and it is further,

Ordered that the defendant is awarded one bill of costs.

The plaintiff was allegedly injured while assisting in the installation of a central air conditioning and heating system in a house under construction. The plaintiff alleges that he was on the second floor taking measurements when he fell through an unprotected opening of an elevator shaft to the basement. However, shortly after the accident, the plaintiff allegedly told his employer that he had "walked aimlessly off a balcony." The plaintiff subsequently commenced this action alleging, *inter alia,* violations of Labor Law § 240 (1) and § 241-a.

Contrary to the plaintiff's contention, the Supreme Court properly denied his motion for summary judgment on the issue of liability. Although the plaintiff's work in the area of an uncovered elevator shaft subjected him to a hazard that the devices required by Labor Law § 240 (1) and § 241-a are designed to protect against (*see, Rocovich v Consolidated Edison Co.,* 78 NY2d 509, 514; *Fuller v Catalfamo,* 223 AD2d 850), his statement to his employer regarding the manner in which the accident happened raised an issue of fact as to his credibility, and whether the defendant's failure to cover the elevator shaft was a proximate cause of the accident (*see, Williams v Dover Home Improvement,* 276 AD2d 626; *Castronovo v Doe,* 274 AD2d 442; *Xirakis v 1115 Fifth Ave. Corp.,* 226 AD2d 452).

The cross appeal must be dismissed because the defendant is not aggrieved by the order, which denied the plaintiff's motion for summary judgment (*see,* CPLR 5511). To the extent that the defendant seeks review of language contained in the order which it deems adverse to its interest, there is no basis for such review (*see, Pennsylvania Gen. Ins. Co. v Austin Powder Co.,* 68 NY2d 465; *Port Auth. v Evergreen Intl. Aviation,* 275 AD2d 358). Krausman, J. P., S. Miller, Luciano and Feuerstein, JJ., concur.