■ John Coleman et al., Respondents-Appellants, v Donald Hayes et al., Defendants and Third-Party Plaintiffs-Appellants-Respondents. Karen Templeton et al., Third-Party Defendants-Appellants-Respondents. [742 NYS2d 648] —In an action to recover damages for personal injuries, etc., the defendants third-party plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Putnam County (Sweeny, J.), dated July 26, 2000, as denied their motion for summary judgment dismissing the complaint, the third-party defendants separately appeal, as limited by their brief, from so much of the same order as denied their cross motion for summary judgment dismissing the complaint and the third-party complaint, and the plaintiffs cross-appeal, as

limited by their brief, from so much of the same order as denied their cross application to grant summary judgment in their favor.

Ordered that on the Court's own motion, the plaintiffs' notice of cross appeal is treated as an application for leave to cross-appeal, and leave to cross-appeal is granted (*see* CPLR 5701 [c]); and it is further,

Ordered that the order is modified, on the law, by deleting the provision thereof denying that branch of the motion of the third-party defendants which was for summary judgment dismissing the third-party complaint, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed insofar as appealed and cross-appealed from, with one bill of costs payable by the defendants third-party plaintiffs to the third-party defendants.

The defendants third-party plaintiffs made a prima facie showing of their entitlement to judgment as a matter of law dismissing the complaint. In opposition, however, the injured plaintiff, a volunteer firefighter, submitted his physician's affidavit, which stated that the competent producing cause of his massive heart attack was the stress he encountered in providing assistance to the victims of the subject accident. In light of this evidence, the Supreme Court properly determined that the plaintiffs raised a triable issue of fact which precluded the granting of summary judgment to the defendants third-party plaintiffs (*see Ferrante v American Lung Assn.*, 90 NY2d 623).

The Supreme Court should have granted that branch of the motion of the third-party defendants which was for summary judgment dismissing the third-party complaint. It is undisputed that the vehicle driven by the defendant third-party plaintiff Donald Hayes hit the vehicle of the third-party defendants while it was stopped. The fact that the third-party defendants' vehicle was not stopped at a traffic light is insufficient, without more, such as a sudden stop, to defeat summary judgment (*see Martin v Pullafico*, 272 AD2d 305), to rebut the inference of negligence (*see Diller v City of N.Y. Police Dept.*, 269 AD2d 143). Moreover, by driving while impaired by alcohol Hayes clearly fell below the appropriate standard of care (*see Andre v Pomeroy*, 35 NY2d 361; *Diller v City of N.Y. Police Dept.*, *supra* at 144).

Although the plaintiffs did not cross-move for summary judgment, they may raise on appeal the Supreme Court's failure to grant their application in their opposition papers (*see Vecchio v Lack*, 131 AD2d 465; *Rhinebeck Bicycle Shop v Sterling Ins. Co.*, 151 AD2d 122). However, we find, as noted previously,

that there is a triable issue of fact as to whether the stress in providing assistance to the accident victims proximately caused the injured plaintiff's heart attack, precluding a grant of summary judgment in the plaintiffs' favor (*see* CPLR 3212 [b]; *Merritt Hill Vineyards v Windy Hgts. Vineyard,* 61 NY2d 106). S. Miller, J.P., Krausman, Friedmann and Schmidt, JJ., concur.