■ MARC CASTALDI et al., Appellants, v 39 WINFIELD ASSOCIATES, LLC, et al., Respondents. [803 NYS2d 780]—

In an action, inter alia, to recover damages for breach of contract, the plaintiffs appeal from stated portions of an order of the Supreme Court, Westchester County (Lefkowitz, J.), entered September 28, 2004.

Ordered that the appeal is dismissed, with costs to the respondent 39 Winfield Associates, LLC.

The order appealed from denied that branch of the defendants' motion which was to dismiss the complaint insofar as asserted by the corporate plaintiff because of its failure to allege that it was licensed to perform home improvements in Westchester County, and granted the plaintiffs' cross motion for leave to serve an amended complaint alleging that the corporate plaintiff was properly licensed. In their notice of appeal, the plaintiffs limited their appeal to only "that part of [the] order . . . that held that a home improvement contract is involved within the meaning of the Administrative Code of Westchester County." Only an "aggrieved party" has standing to appeal (CPLR 5511). Merely because the order appealed from contains language or reasoning that a party deems adverse to its interests does not furnish "a basis for standing to take an appeal" (*Pennsylvania Gen. Ins. Co. v Austin Powder Co.*, 68 NY2d 465, 472-473 [1986]; *see also Savarese v Sacred Hearts & St. Stephen's Church*, 309 AD2d 848 [2003]; *Lauer v Great S. Bay Seafood Co.*, 299 AD2d 325 [2002]; *Anspach v Miller Bluff's Constr. Corp.*, 280 AD2d 564 [2001]; *Caffrey v Morse Diesel Intl.*, 279 AD2d 494 [2001]; *ABC Mech. Sys. Corp. v New York State Off. of Gen. Servs.*, 238 AD2d 532 [1997]; *M.J. & K. Co. v Matthew Bender & Co.*, 220 AD2d 488 [1995]). Thus, although the plaintiffs deem a statement in the order indicating that this action involves a home improvement contract within the meaning of the Administrative Code of Westchester County to be adverse to their interests, their disagreement with this statement does not render them aggrieved parties and furnish standing to appeal. S. Miller, J.P., Krausman, Goldstein and Covello, JJ., concur.