■ TOWER INSURANCE COMPANY OF NEW YORK, Appellant, v JASMATTIE CORLETTE et al., Respondents. [826 NYS2d 131]—

In an action, inter alia, for a judgment declaring that the plaintiff is not obligated to defend and indemnify the defendant Jasmattie Corlette in an underlying personal injury action entitled *Beresford v Corlette,* pending in the Supreme Court, Queens County, under index No. 22207/03, the plaintiff appeals from an order and judgment (one paper) of the Supreme Court, Queens County (Schulman, J.), dated July 15, 2005, which, among other things, denied its motion for summary judgment, granted the defendant Jasmattie Corlette's cross motion for summary judgment declaring that the plaintiff was obligated to defend and indemnify her in the underlying personal injury action, and, in effect, declared that the plaintiff was obligated to defend and indemnify the defendant Jasmattie Corlette in the underlying personal injury action.

Ordered that the order and judgment is affirmed, with one bill of costs.

The underlying personal injury action arose out of an incident in which the defendant Rosamone Beresford slipped and fell at a single-family residence owned by the defendant Jasmattie Corlette. The homeowner's insurance policy issued by the plaintiff, Tower Insurance Company of New York (hereinafter Tower), to Corlette, contained a clause that excluded coverage for any injury "[a]rising out of the rental . . . of an 'insured location' . . . [where] a single family unit is intended for use by the occupying family to lodge more than two roomers or boarders." The policy, however, did not define the term "roomer." Tower subsequently commenced this action, asserting that it was not obligated to defend and/or indemnify Corlette on the basis that the exclusionary clause applied.

Unless otherwise defined by the policy, words and phrases are to be understood in their plain, ordinary, and popularly understood sense (*see Government Empls. Ins. Co. v Kligler,* 42 NY2d 863 [1977]; *Raino v Navigators Ins. Co.,* 268 AD2d 419, 420 [2000] ["where the provisions of the policy are clear and unambiguous, they must be given their plain and ordinary meaning, and courts should refrain from rewriting the agreement"] [internal quotation marks omitted]; *Logan's Silo Sales & Serv. v Nationwide Mut. Fire Ins. Co.,* 185 AD2d 651 [1992] [an unambiguous exclusionary clause must be given its plain and ordinary meaning]). However, any ambiguity in an insurance contract must be construed against the insurer and in favor of the policyholder (*see Hartol Prods. Corp. v Prudential Ins. Co.,* 290 NY 44, 49 [1943]).

Under the particular facts of this case it cannot be said that the exclusionary clause applies. Adams, J.P., Ritter, Lunn and Covello, JJ., concur.