■ PHOTONICS INDUSTRIES INTERNATIONAL, INC., Appellant, v XIAOJIE ZHAO et al., Respondents. [832 NYS2d 298]—

In an action, inter alia, for injunctive relief and to recover damages for misappropriation of trade secrets, unfair competition, and breach of an employment contract, the plaintiff appeals, as limited by its brief, from stated portions of an order of the Supreme Court, Suffolk County (Jones, Jr., J.), dated January 13, 2006.

Ordered that the appeal is dismissed, with costs, on the ground that the appellant is not aggrieved by the portions of the order appealed from (see CPLR 5511).

The plaintiff commenced this action for injunctive relief and to recover damages for, among other things, misappropriation of trade secrets, alleging, inter alia, that its former employee, the defendant Xiaojie Zhao (hereinafter Zhao), breached the noncompetition clause of his employment agreement with the plaintiff by accepting a position with the defendant Yuco Optics Corp., doing business as Yucoptics, a competitor of the plaintiff, and by making use of the plaintiff's confidential proprietary information and customer lists to unfairly compete against it. In connection with the commencement of the action, the plaintiff moved for a preliminary injunction prohibiting the defendants from producing and selling competing products and making any use of the plaintiff's proprietary information and customer lists. In support of the motion, the plaintiff's president submitted an affidavit which, inter alia, quoted the noncompetition clause in Zhao's employment agreement and accused Zhao of intentionally breaching it. The defendants vigorously opposed the motion, contending, among other things, that the noncompetition clause was unenforceable.

Thereafter, the Supreme Court issued an order denying the motion for a preliminary injunction, finding that the plaintiff's supporting allegations were speculative and unsubstantiated, and that the plaintiff had failed to establish a likelihood of success on the merits, irreparable injury in the absence of injunctive relief, and a balancing of the equities in its favor. The court further opined that, to the extent the plaintiff's motion was premised on the noncompetition clause in Zhao's employment agreement, that provision was unenforceable because its terms were unreasonable and would impermissibly restrict Zhao from making a living.

In its brief, the plaintiff has limited its appeal from the order,

expressly reciting that it "does not appeal from the denial of the motion [for a preliminary injunction]," but that "[i]t only appeals from the lower court's conclusion . . . that the Employment Agreement between [the plaintiff] and [the defendant] Zhao was not enforceable to the extent that it contained the [noncompetition clause]." Indeed, the plaintiff makes no arguments regarding the preliminary injunction on this appeal, nor does it request that the injunction be granted.

Under these circumstances, the appeal must be dismissed, as the plaintiff is not aggrieved merely by the language in the order which recites the court's views regarding the enforceability of the noncompetition clause. "Merely because the order appealed from contains language or reasoning that a party deems adverse to its interests does not furnish 'a basis for standing to take an appeal' " (*Castaldi v 39 Winfield Assoc., LLC*, 22 AD3d 780, 781 [2005], quoting *Pennsylvania Gen. Ins. Co. v Austin Powder Co.*, 68 NY2d 465, 472-473 [1986]; *ABC Mech. Sys. Corp. v New York State Off. of Gen. Servs.*, 238 AD2d 532, 533 [1997]; *M.J. & K. Co. v Matthew Bender & Co.*, 220 AD2d 488, 489 [1995]). Mastro, J.P., Krausman, Florio and Balkin, JJ., concur.