■ SIRIUS AMERICA INSURANCE COMPANY et al., Respondents-Appellants, v VIGO CONSTRUCTION CORP., Respondent-Appellant, MARTIN C. GONZALEZ, Appellant-Respondent, et al., Defendants. [852 NYS2d 176]—

In an action for a judgment declaring that the plaintiff Sirius America Insurance Company is not obligated to defend and indemnify the defendant Vigo Construction Corp. in an underlying action entitled *Gonzalez v Vigo Construction Corp.*, pending in the Supreme Court, Queens County, under index No. 04/10349, the defendant Martin C. Gonzalez appeals, as limited by his brief, from so much of an order of the Supreme Court, Queens County (Dorsa, J.), dated June 27, 2006, as denied his cross motion for summary judgment, the plaintiffs cross-appeal from so much of the same order as denied their motion for summary judgment declaring that the plaintiff Sirius America Insurance Company is not obligated to defend and indemnify the defendant Vigo Construction Corp. in the underlying action, and the defendant Vigo Construction Corp. cross-appeals from the same order.

Ordered that the cross appeal of the defendant Vigo Construction Corp., is dismissed, as that defendant is not aggrieved by the order (*see* CPLR 5511); and it is further,

Ordered that the order is reversed insofar as appealed from, on the law, and the cross motion of the defendant Martin C. Gonzalez for summary judgment is granted; and it is further,

Ordered that the order is affirmed insofar as cross-appealed from by the plaintiffs; and it is further,

Ordered that one bill of costs is awarded to the defendant Martin C. Gonzalez payable by the respondents-appellants appearing separately and filing separate briefs; and it is further,

Ordered that the matter is remitted to the Supreme Court, Queens County for the entry of a judgment declaring that the plaintiff Sirius America Insurance Company is obligated to defend and indemnify the defendant Vigo Construction Corp., in an underlying action entitled *Gonzalez v Vigo Construction Corp.*, pending in the Supreme Court, Queens County, under index No. 04/10349.

Preliminarily, we note that the cross appeal of the defendant Vigo Construction Corp. (hereinafter Vigo), must be dismissed, because only an "aggrieved party" has standing to appeal (CPLR 5511). Vigo did not seek any relief in the Supreme Court, and the plaintiffs' motion for summary judgment, which Vigo opposed, was denied (*see Anspach v Miller Bluff's Constr. Corp.*, 280 AD2d 564 [2001]). Additionally, merely because the order appealed from contains language or reasoning that a party

deems adverse to its interests does not furnish "a basis for standing to take an appeal" (*Castaldi v 39 Winfield Assoc., LLC*, 22 AD3d 780, 781 [2005], quoting *Pennsylvania Gen. Ins. Co. v Austin Powder Co.*, 68 NY2d 465, 472-473 [1986]).

Insurance Law § 3420 (d) requires an insurer to provide a written disclaimer "as soon as is reasonably possible." The reasonableness of any delay in providing such written disclaimer is measured from the time when the insurer "has sufficient knowledge of facts entitling it to disclaim, or knows that it will disclaim coverage" (*First Fin. Ins. Co. v Jetco Contr. Corp.*, 1 NY3d 64, 66 [2003]). The insurer bears the burden of justifying any delay (*id.* at 69). In the instant case, Sirius relied upon a disclaimer dated November 3, 2004 and sent 34 days after it knew or should have known of the basis for denying coverage. Since there was no explanation for that delay, the 34-day delay in disclaiming coverage was unreasonable as a matter of law and thus ineffective (*see Matter of Allstate Ins. Co. v Swinton*, 27 AD3d 462 [2006]; *Pawley Interior Contr., Inc. v Harleysville Ins. Cos.*, 11 AD3d 595 [2004]; *Moore v Ewing*, 9 AD3d 484 [2004]; *cf. Farmbrew Realty Corp. v Tower Ins. Co. of N.Y.*, 289 AD2d 284 [2001]; *Brooklyn Hosp. Ctr. v Centennial Ins. Co.*, 258 AD2d 491 [1999]). Under these circumstances, the defendant Martin C. Gonzalez was entitled to judgment as a matter of law on the issue of whether Sirius was required to defend and indemnify Vigo in an underlying action entitled *Gonzalez v Vigo Construction Corp.*, pending in the Supreme Court, Queens County, under index No. 04/10349. Since this is a declaratory judgment action, the matter must be remitted to the Supreme Court, Queens County for the entry of a judgment declaring that Sirius is obligated to defend and indemnify Vigo Construction Corp. in that action (*see Lanza v Wagner*, 11 NY2d 317, 334 [1962], *appeal dismissed* 371 US 74 [1962], *cert denied*, 371 US 901 [1962]). Ritter, J.P., Florio, McCarthy and Dickerson, JJ., concur.