■ In the Matter of Thomas Bucaro, Respondent-Appellant, v Tomas Morales et al., Appellants-Respondents. [880 NYS2d 140]—

In a proceeding, inter alia, pursuant to CPLR article 78 to review a determination of the College of Staten Island dated August 21, 2007, which, among other things, denied the petitioner's request for a particular adjustment to his fall 2007 teaching schedule, and to compel the College of Staten Island to grant that request, Tomas Morales, the College of Staten Island, and CUNY appeal (1) from a judgment of the Supreme Court, Richmond County (Maltese, J.), dated August 29, 2007, and (2), as limited by their brief, from so much of an amended judgment of the same court dated October 1, 2007, as, in effect, granted the petition to the extent of annulling so much of the determination as denied the petitioner's request for the adjustment to his fall 2007 teaching schedule, and directed the College of Staten Island to "create in consultation with the petitioner, a 'reasonable accommodation' for his teaching schedule[ ] that

will enable him not to carry an overload of courses beyond 11 credits in the Spring 2008 semester," and the petitioner cross-appeals (1) from the judgment, and (2), as limited by his brief, from so much of the amended judgment as, in effect, denied that branch of the petition which was to compel the College of Staten Island to grant his request for the adjustment to his fall 2007 teaching schedule.

Ordered that the appeal and the cross appeal from the judgment are dismissed, without costs or disbursements, as the judgment was superseded by the amended judgment; and it is further,

Ordered that the appeal and the cross appeal from the amended judgment are dismissed as academic, without costs or disbursements.

Since the fall 2007 and spring 2008 semesters at the College of Staten Island have concluded, any determination by this Court with respect to the merits of the instant proceeding will not directly affect the parties' rights (*cf. Matter of Peconic Baykeeper, Inc. v Suffolk County,* 28 AD3d 669, 670 [2006]; *Barrett Foods Corp. v New York City Bd. of Educ.,* 144 AD2d 410, 410-411 [1988]). Since the matter does not warrant our invocation of the exception to the mootness doctrine (*see Matter of Hearst Corp. v Clyne,* 50 NY2d 707, 714 [1980]), the appeal and the cross appeal from the amended judgment must be dismissed as academic.

In light of the foregoing, we do not reach the parties' contentions addressed to certain findings of fact made by the Supreme Court. "Merely because the order [or judgment] appealed from contains language or reasoning that a party deems adverse to its interests does not furnish 'a basis for standing to take an appeal' " (*Castaldi v 39 Winfield Assoc., LLC,* 22 AD3d 780, 781 [2005], quoting *Pennsylvania Gen. Ins. Co. v Austin Powder Co.,* 68 NY2d 465, 472-473 [1986]; *see Photonics Indus. Intl., Inc. v Xiaojie Zhao,* 39 AD3d 610, 612 [2007]; *ABC Mech. Sys. Corp. v New York State Off. of Gen. Servs.,* 238 AD2d 532, 533 [1997]). Santucci, J.P., Covello, Leventhal and Belen, JJ., concur.