■ AVERIL SWAZEY et al., Plaintiffs, v PATHMARK STORES, INC., Defendant, and NATIONAL BUILDING FACILITY SERVICES, INC., Defendant/Third-Party Plaintiff-Appellant, and ECUA CLEANING SERVICE CORP., Defendant/Third-Party Defendant. MILBER MAKRIS PLOUSADIS & SEIDEN, LLP, Nonparty Respondent. [901 NYS2d 547]—

In an action to recover damages for personal injuries, etc., the defendant third-party plaintiff appeals from an order of the Supreme Court, Suffolk County (Tanenbaum, J.), dated January 13, 2009, which granted the motion of nonparty Milber Makris Plousadis & Seiden, LLP, for leave to withdraw as counsel for the defendant/third-party defendant ECUA Cleaning Service Corp.

Ordered that the appeal is dismissed, with costs.

In this personal injury action arising out of a slip and fall, the defendant/third-party plaintiff, National Building Facility Services, Inc. (hereinafter the appellant), commenced a third-party action against the defendant/third-party defendant, ECUA Cleaning Service Corp. (hereinafter ECUA). At the time of the

accident, ECUA was insured by Western Heritage Insurance Company (hereinafter Western). Western retained the law firm of Milber Makris Plousadis & Seiden, LLP (hereinafter the firm), to represent ECUA. Thereafter, the firm moved for leave to withdraw as counsel for ECUA, and the Supreme Court granted the motion.

Only "[a]n aggrieved party or a person substituted for him [or her] may appeal from any appealable . . . order" (CPLR 5511). "A party is aggrieved by an order when it directly affects that party's individual rights" (*Berrechid v Shahin*, 60 AD3d 884 [2009]; *see DKFT Pizza, Inc. v Riviera Plaza, LLC*, 71 AD3d 816 [2010]). Since the Supreme Court's order, which granted the firm's motion for leave to withdraw as counsel for ECUA, did not affect the appellant's rights, the appellant is not aggrieved by the order, and the appeal must be dismissed (*see generally Matter of Commercial Bank of Informatics & Computing Technique Dev. Bank Informtechnika v Ostashko*, 274 AD2d 516 [2000]; *Law v Benedict*, 197 AD2d 808 [1993]; *see also Won's Cards v Samsondale/Haverstraw Equities*, 165 AD2d 157, 162 [1991]). Rivera, J.P., Dillon, Miller and Roman, JJ., concur.