■ ROSEMARIE SCHLECKER, Appellant, v YORKTOWN ELECTRICAL & LIGHTING DISTRIBUTORS, INC., Respondent, et al., Defendant. (Action No. 1.) YORKTOWN DISTRIBUTORS, INC., et al., Plaintiffs/Counterclaim Defendants-Respondents, et al., Plaintiffs, v ROSEMARIE SCHLECKER, Defendant/Counterclaim Plaintiff-Appellant. (Action No. 2.) [941 NYS2d 886]—In an action and a related consolidated action, inter alia, for a judgment declaring the rightful beneficiary of the proceeds of a life insurance policy, Rosemarie Schlecker, the plaintiff in action No. 1 and the defendant/counterclaim plaintiff in action No. 2, appeals, as limited by her brief, from so much of an order of the Supreme Court, Suffolk County (Pines, J.), dated September 13, 2010, as declined to search the record and sua sponte award her summary judgment on the complaint in action No. 1, and determined that there had been no sale of a certain business.

Ordered that the appeal is dismissed, with costs.

The appellant is not aggrieved by so much of the order as declined to search the record and sua sponte award her summary judgment on the complaint in action No. 1 (see CPLR 5511; *Franklin v Allen Health Care Servs.*, 45 AD3d 637 [2007]; *QDR Consultants & Dev. Corp. v Colonia Ins. Co.*, 251 AD2d 641 [1998]). "[A party] is not aggrieved by an order which does not grant relief [he or she] did not request" (*QDR Consultants & Dev. Corp. v Colonia Ins. Co.*, 251 AD2d at 641; cf. *Coleman v Hayes*, 294 AD2d 458, 459 [2002]; *Rhinebeck Bicycle Shop v Sterling Ins. Co.*, 151 AD2d 122, 124 [1989]).

Furthermore, the appellant is not aggrieved by so much of the order as, in reaching a result which was not adverse to her, reasoned that there was not a "sale of the business." "Merely because the order appealed from contains language or reasoning that a party deems adverse to its interests does not furnish 'a basis for standing to take an appeal'" (*Castaldi v 39 Winfield*

*Assoc., LLC*, 22 AD3d 780, 781 [2005], quoting *Pennsylvania Gen. Ins. Co. v Austin Powder Co.*, 68 NY2d 465, 472 [1986]).

Since the appellant is not aggrieved by the portions of the order from which she appeals, the appeal must be dismissed. Mastro, A.PJ., Hall, Lott and Sgroi, JJ., concur.