▮ JONATHAN SPIELMAN et al., Appellants-Respondents, v ARIELLE MEHRABAN et al., Respondents-Appellants, et al., Defendants. [963 NYS2d 704]—

In an action, inter alia, for a judgment declaring that a right of first refusal contained in a certain deed is enforceable, the plaintiffs appeal from stated portions of an order of the Supreme Court, Nassau County (Asarch, J.), dated September 19, 2011, and the defendants Arielle Mehraban and Kevin Lalezarian cross-appeal, as limited by their brief, from so much of the same order as denied their motion for summary judgment dismissing the complaint insofar as asserted against them and, in effect, on their counterclaim for a judgment declaring the subject right of first refusal invalid.

Ordered that the appeal is dismissed, without costs or disbursements; and it is further,

Ordered that the order is affirmed insofar as cross-appealed from, without costs or disbursements.

The plaintiffs commenced this action to assert their right to purchase certain real property pursuant to a right of first refusal (hereinafter the covenant) contained in deeds in the chain of title of the subject property. The subject real property had been conveyed to the defendants Arielle Mehraban and Kevin Lalezarian (hereinafter together the Mehraban defendants) by quitclaim deed in 2005. The Mehraban defendants counterclaimed for a judgment declaring the covenant void or invalid. The Mehraban defendants moved for summary judgment dismissing the complaint insofar as asserted against them and, in effect, on their counterclaim for a judgment declaring the covenant invalid. The Supreme Court denied the motion.

Although the plaintiffs did not move the Supreme Court for any relief, and although the court denied the Mehraban defendants' motion for summary judgment, the plaintiffs purportedly appeal from that portion of the order which determined that the doctrines of res judicata and collateral estoppel did not resolve the subject claims or bar the counterclaims. "[A party] is not aggrieved by an order which does not grant relief [he or

she] did not request" (*Schlecker v Yorktown Elec. & Light. Distribs., Inc.*, 94 AD3d 855 [2012] [internal quotation marks omitted]). "Merely because the order appealed from contains language or reasoning that a party deems adverse to its interests does not 'furnish a basis for standing to take an appeal' " (*Castaldi v 39 Winfield Assoc., LLC*, 22 AD3d 780, 781 [2005], quoting *Pennsylvania Gen. Ins. Co. v Austin Powder Co.*, 68 NY2d 465, 472-473 [1986]). Here, the plaintiffs are not aggrieved by so much of the order as, in denying the Mehraban defendants' motion for summary judgment and reaching a result which was not adverse to the plaintiffs, determined that a prior judgment did not have res judicata or collateral estoppel effect on the motion before it (*see Castaldi v 39 Winfield Assoc., LLC*, 22 AD3d 780, 781 [2005]). Since the plaintiffs are not aggrieved by the portion of the order from which they appeal, their appeal must be dismissed. Moreover, this Court declines the plaintiffs' request that it search the record and award summary judgment to the plaintiffs.

The Mehraban defendants appeal from so much of the order as denied their motion for summary judgment dismissing the complaint insofar as asserted against them and, in effect, on their counterclaim for a judgment declaring the subject covenant invalid. The Supreme Court properly denied the Mehraban defendants' motion, as they failed to demonstrate their entitlement to judgment as a matter of law. In support of their motion, they submitted, inter alia, both a 1998 decision and 1998 judgment in a prior litigation involving the same covenant, which judgment stated that "the [subject] Covenant is valid and enforceable by . . . any subsequent owner of the Dominant Estate against . . . any subsequent owner of the Servient Estate." This evidence, rather than eliminating issues of fact, demonstrates that there is a triable issue of fact as to whether the doctrines of res judicata and collateral estoppel are applicable here (*see Goldstein v Massachusetts Mut. Life Ins. Co.*, 32 AD3d 821 [2006]). Moreover, the Mehraban defendants failed to satisfy their prima facie burden of establishing any other basis, as a matter of law, for summary judgment dismissing the complaint or, in effect, on their counterclaim for a judgment declaring the subject covenant invalid. Therefore, summary judgment was properly denied. Dillon, J.P., Balkin, Austin and Sgroi, JJ., concur.

---

Motion by the appellants-respondents on an appeal and cross appeal from an order of the Supreme Court, Nassau County, dated September 19, 2011, inter alia, for this Court to take

judicial notice of certain material from an action entitled *Rosenblum v Libow*, which had been pending in the Supreme Court, Nassau County, under index No. 36662/95. By decision and order on motion of this Court dated August 10, 2012, the branch of the motion which is for the Court to take judicial notice of certain material from the action entitled *Rosenblum v Libow* was held in abeyance and referred to the panel of Justices hearing the appeal for determination upon the argument or submission thereof.

Upon the papers filed in support of the motion and the papers filed in opposition thereto, and upon the argument of the appeal, it is

Ordered that the branch of the motion which is for the Court to take judicial notice of certain material from the action entitled *Rosenblum v Libow* is denied. Dillon, J.P., Balkin, Austin and Sgroi, JJ., concur. ▮