■ KEITH BARRETT et al., Plaintiffs, v DENNIS LOUNSBURY BUILDERS, INC., Respondent-Appellant, and EDWARD GARVEY, Appellant-Respondent, et al., Defendants. [22 NYS3d 894]—

In an action to recover damages for personal injuries, etc., the defendant Edward Garvey appeals, as limited by his brief, from so much of an order of the Supreme Court, Orange County (Onofry, J.), dated June 18, 2013, as, sua sponte, directed the dismissal of the plaintiffs' causes of action alleging a violation of Labor Law § 200 and common-law negligence insofar as asserted against the defendant Dennis Lounsbury Builders, Inc., and failed to search the record and sua sponte award him summary judgment on his cross claim for common-law indemnification against the defendant Dennis Lounsbury Builders, Inc., and the defendant Dennis Lounsbury Builders, Inc., cross-appeals from the same order.

Ordered that the appeal and the cross appeal are dismissed, without costs or disbursements.

The cross appeal of the defendant Dennis Lounsbury Builders, Inc. (hereinafter Lounsbury), must be dismissed as abandoned, as Lounsbury does not seek reversal of any portion of the order in its brief (*see Sirma v Beach*, 59 AD3d 611, 614 [2009]; *Bibas v Bibas*, 58 AD3d 586, 587 [2009]).

With respect to the appeal of the defendant Edward Garvey, "[a] party is aggrieved by an order when it directly affects that party's individual rights" (*Berrechid v Shahin*, 60 AD3d 884, 884 [2009]; *see DKFT Pizza, Inc. v Riviera Plaza, LLC*, 71 AD3d 816 [2010]). Where the order does not affect the rights of an appealing party, that party is not aggrieved by the order and the appeal must be dismissed (*see Swazey v Pathmark Stores, Inc.*, 74 AD3d 786, 787 [2010]; *Berrechid v Shahin*, 60 AD3d at 884; *Carollo v Northern Westchester Hosp. Ctr.*, 5 AD3d 715 [2004]). Thus, Garvey is not aggrieved by so much of the order as, sua sponte, directed the dismissal of the plaintiffs' causes of action alleging a violation of Labor Law § 200 and common-law negligence insofar as asserted against Lounsbury.

Furthermore, " '[a party] is not aggrieved by an order which does not grant relief [he or she] did not request' " (*Spielman v Mehraban*, 105 AD3d 943, 943-944 [2013], quoting *Schlecker v Yorktown Elec. & Light. Distribs., Inc.*, 94 AD3d 855, 855 [2012]). Garvey is not aggrieved by so much of the order as declined to search the record and sua sponte award him summary judgment on his cross claim against Lounsbury for common-law indemnification (*see Schlecker v Yorktown Elec. & Light. Distribs., Inc.*, 94 AD3d at 855).

Accordingly, Garvey is not aggrieved by the portions of the order from which he appeals, and the appeal must be dismissed. Dillon, J.P., Chambers, Cohen and Hinds-Radix, JJ., concur.