Oparaji v Vessup (2018 NY Slip Op 00839)





Oparaji v Vessup


2018 NY Slip Op 00839


Decided on February 7, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 7, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
RUTH C. BALKIN
ROBERT J. MILLER
HECTOR D. LASALLE, JJ.


2016-00803
2016-00804
 (Index No. 8791/14)

[*1]Prince Oparaji, et al., appellants, 
v
Kareem R. Vessup, etc., respondent.


Prince Oparaji and Maurice Oparaji, Rosedale, NY, appellants pro se.



DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the plaintiffs appeal (1), as limited by their brief, from so much of an order of the Supreme Court, Queens County (Brathwaite Nelson, J.), dated June 25, 2015, as denied their motion for leave to enter a default judgment against the defendant, and, in effect, granted that branch of the defendant's cross motion which was for leave to serve a late answer to the complaint to the extent of determining that the answer had been timely served, and (2) an order of the same court dated June 26, 2015, which denied the defendant's motion, inter alia, for leave to reargue and renew that branch of his cross motion which was to dismiss the amended complaint.
ORDERED that the order dated June 25, 2015, is affirmed insofar as appealed from, without costs or disbursements; and it is further,
ORDERED that the appeal from the order dated June 26, 2015, is dismissed, without costs or disbursements.
Although the Supreme Court erred in determining that the plaintiffs did not establish that the defendant failed to timely answer the amended complaint (see CPLR 3211[f]), it nevertheless properly denied the plaintiffs' motion for leave to enter a default judgment against the defendant, and, in effect, granted the defendant's cross motion for leave to serve a late answer. The defendant offered a reasonable excuse for the default, the plaintiffs were not prejudiced, the default was not willful, the defendant established that he had potentially meritorious defenses to the plaintiffs' claims, and there is a strong public policy in favor of resolving cases on the merit (see Ingvarsdottir v Gaines, Gruner, Ponzini & Novick, LLP, 144 AD3d 1097, 1099; Fried v Jacob Holding, Inc., 110 AD3d 56; Harcztark v Drive Variety, Inc., 21 AD3d 876, 876-877).
The plaintiffs' appeal from the order dated June 26, 2015, which denied the defendant's motion, inter alia, for leave to reargue and renew his prior motion to dismiss the amended complaint, must be dismissed, as the plaintiffs are not aggrieved thereby (see CPLR 5511; Spielman v Mehraban, 105 AD3d 943).
DILLON, J.P., BALKIN, MILLER and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court