Sanchez v Rivera (2019 NY Slip Op 02736)





Sanchez v Rivera


2019 NY Slip Op 02736


Decided on April 10, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 10, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
LEONARD B. AUSTIN
COLLEEN D. DUFFY
ANGELA G. IANNACCI, JJ.


2017-10840
2017-12374
 (Index No. 617756/16)

[*1]Juana Sanchez, appellant, 
v
Juan Rivera, respondent, et al., defendants.


Zemsky & Salomon, P.C. (The Altman Law Firm, PLLC, Woodmere, NY [Michael T. Altman], of counsel), for appellant.
Buratti, Rothenberg & Burns, Melville, NY (Alan M. Shushan and Veronica Rozo of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from (1) an order of the Supreme Court, Suffolk County (John H. Rouse, J.), dated August 28, 2017, and (2) an order of the same court dated October 2, 2017. The order dated August 28, 2017, insofar as appealed from, upon default, granted that branch of the defendant Juan Rivera's cross motion which was for summary judgment dismissing the complaint insofar as asserted against him. The order dated October 2, 2017, inter alia, denied that branch of the plaintiff's motion which was pursuant to CPLR 5015(a)(1) to vacate so much of the order dated August 28, 2017, as, upon default, granted that branch of the defendant Juan Rivera's cross motion which was for summary judgment dismissing the complaint insofar as asserted against him.
ORDERED that the appeals are dismissed, with one bill of costs.
On December 10, 2015, the parties were involved in a three-vehicle accident. Prior to the accident, the defendant Ixa Ulloa-Gutierrez was operating a vehicle owned by the defendant Robert C. Gutierrez Gutierrez (hereinafter together the Gutierrez defendants) on Middle Country Road in Suffolk County. The Gutierrez vehicle was struck by a vehicle owned and operated by the defendant Juan Rivera, which had been traveling in the opposite direction on Middle Country Road, when Rivera's vehicle attempted to make a left turn across the lane in which the Gutierrez vehicle had been traveling. After the impact between those two vehicles, the plaintiff's vehicle, which had been traveling directly behind the Gutierrez vehicle, struck the Gutierrez vehicle, which had come to a stop, in the rear.
The plaintiff commenced this action against the defendants to recover damages for personal injuries. After joinder of issue, the Gutierrez defendants moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against them and Rivera cross-moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against him. The plaintiff failed to submit papers to the Supreme Court in opposition to either the motion or the cross motion. By order dated August 28, 2017, the court granted the motion and the cross motion upon the plaintiff's default in submitting opposition. The plaintiff subsequently moved, inter alia, pursuant to CPLR 5015(a)(1) to vacate the order dated August 28, 2017. By order dated October 2, 2017, the court denied the plaintiff's motion.
No appeal lies from an order or judgment entered upon the default of the appealing party (see CPLR 5511; Alvarez v Jawaid, 163 AD3d 746, 747). Here, since the portion of the order dated August 28, 2017, appealed from was entered upon the plaintiff's failure to oppose Rivera's cross motion, the appeal from that order must be dismissed (see Gitzis v Isakov, 150 AD3d 1085; T. Mina Supply, Inc. v Clemente Bros. Contr. Corp., 139 AD3d 1038, 1039; Reynolds v Haiduk, 120 AD3d 656).
The plaintiff's appeal from the order dated October 2, 2017, must be dismissed as abandoned, as the brief filed by the plaintiff does not seek reversal or modification of any portion of that order (see Landstein v Town of LaGrange, 166 AD3d 100, 107; Barrett v Dennis Lounsbury Bldrs., Inc., 135 AD3d 796, 796; Cremosa Food Co., LLC v Amella, 130 AD3d 559, 560).
LEVENTHAL, J.P., AUSTIN, DUFFY and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court