Full, J.
As the court at Special Term and the unanimous Appellate Division decided, the evidence convincingly establishes plaintiff wife’s right to an annulment on the ground of fraud.
The defendant, an alien seaman, was required to leave the United States by July 30,1953. He knew that, if he became the husband of an American citizen, he would be entitled to return to this country as a nonquota immigrant. Undoubtedly, as the trial court found, in order to facilitate his re-entry, the defend *127 ant persuaded the plaintiff to go through a civil ceremony of marriage with him on July 22, 1953, just three days after he had met her. She knew nothing of his purpose, but was induced by his promises and representations, which he never intended to carry out, that upon his return he would participate with her in a religious ceremony in the Greek Orthodox Church, of which they were communicants, and that he would establish a home for her and support her.
It was understood that the parties were not to live together as man and wife until the religious ceremony had been held and, since there has been no such ceremony, the marriage has never been consummated. Although there is some conflict in the testimony, it is clear that the defendant, after returning to this country, some six months after he departed it, refused to consent to any religious or church ceremony and made such inordinate demands for a dowry and other financial assistance as to stamp as pretense any thought that he was or had been willing to embark on a life of marriage with the plaintiff.
It is settled, and indeed the proposition is not challenged, that, where one prospective spouse, in order to induce the other to enter a civil marriage, makes a promise of a subsequent religious ceremony, without intending to keep it, an annulment will be granted, at least where, as in the present case, there has been no consummation by cohabitation. (See Aufiero v. Aufiero, 222 App. Div. 479; Rutstein v. Rutstein, 221 App. Div. 70; Watkins v. Watkins, 197 App. Div. 489; see, also, Grossman on New York Law of Domestic Relations [1947], § 719, p. 516.)
We conclude, as we began. The record proof is more than sufficient to support the determination of the courts below that the defendant’s object in marrying the plaintiff was to acquire a nonquota immigrant status and that he made the promises he did solely to induce her to have a civil ceremony, without any intention of fulfilling his promises once his underlying purpose had been accomplished.
The judgment of the Appellate Division should be affirmed, without costs.
Chief Judge Conway and Judges Desmond, Dye, Froessel, Van Vooehis and Burke concur.
Judgment affirmed.