Abraham N. Geller, J.
This is an action for annulment (1) on me ground of defendant’s alleged physical incapacity to enter into the marriage state, and (2) on the ground of defend *351 ant’s alleged fraud in marrying plaintiff, a citizen, solely for the purpose of obtaining citizenship status.
The credible evidence, particularly the testimony given by the physician appointed by the court to examine defendant, conclusively establishes that she is physically capable of entering into the marriage state, and has not refused to fulfill her marital obligations.
The evidence also fails to support the charge of fraud. I find that defendant entered into the marriage in good faith; that plaintiff knew before the marriage that she was a British subject resident in Canada; and that several months after the marriage he signed the necessary papers to facilitate her entry on a permanent basis into this country.
The fact that she desired to obtain American citizenship by means of this marriage is in itself no proof of the claimed fraud. It is to be expected, particularly in these troubled times, that one of the reasons that may induce an alien to marry an American citizen is to obtain citizenship status. That would be a normal concomitant of such a marriage. It is significant that plaintiff does not contend that defendant refused to perform her marital obligations. The proof adduced shows no more than defendant’s natural desire to attain American citizenship and falls far short of establishing that she married plaintiff solely for that purpose and with no intention of consummating the marriage. Accordingly the claim of fraud has no legal substance. (Cf. Bracksmayer v. Bracksmayer, 22 N. Y. S. 2d 110.)
This constitutes the decision of the court pursuant to section 440 of the Civil Practice Act. It is essential for the preservation of defendant’s rights that these findings and conclusions be explicitly set forth.
But it should also be noted that as the trial proceeded, it became evident that this action was based upon a misunderstanding on the part of plaintiff. The parties have continued to live together without rancor in the same apartment. At the conclusion of the trial, after the court-appointed physician had testified, it appeared to the court that plaintiff himself was satisfied that defendant was able and willing to perform her marital obligations. At the request of and with the helpful co-operation of counsel, the court then conferred with the párties in an attempt to effect a reconciliation and thereafter called upon the Family Counseling Unit attached to this court for its expert assistance. The court has been informed that some progress has been made and that the counselor will continue to meet with the parties and discuss their problems. It is hoped that these efforts will prove successful.
*352 In the meantime it is necessary to render this decision- to dispose of the action. Judgment is accordingly granted in favor of defendant dismissing the complaint upon the merits.
Settle judgment.