■ GOLDMAN COPELAND ASSOCIATES, P. C., Appellant, et al., Plaintiff, v GOODSTEIN BROS. & CO., INC., as a General Partner of GOODSTEIN BROS. COMPANY, Respondent. [702 NYS2d 269] —Or-

der, Supreme Court, New York County (Charles Ramos, J.), entered on or about October 7, 1998, which, in an action arising out of a porter wage escalation clause in a commercial lease, insofar as appealed from as limited by the briefs, granted defendant landlord's motion for summary judgment dismissing plaintiff tenant's cause of action for breach of contract as time-barred, unanimously affirmed, without costs.

It is undisputed that the landlord gave the tenant detailed yearly porter wage escalation statements for the years in question, which were paid by the tenant without protest. Since such statements consistently used the same formula in determining the escalation, the tenant's overcharge claim accrued upon its receipt of the first statement almost 12 years before it commenced this action. At that time it had all of the information it needed to contest the manner in which the landlord computed the escalation. The tenant's alternative argument that the yearly increase due under the porter wage escalation clause created a new cause of action each and every year is unpersuasive in the context of a dispute involving a computational methodology that remained constant over the years for which the computation is being challenged. Nor is there any merit to the tenant's claim that the landlord should be estopped from asserting the Statute of Limitations because it used settlement discussions to lull the tenant into thinking that a complaint need not be served, where the tenant first challenged the statements after the Statute of Limitations had already run. We have considered the tenant's other arguments and find them unavailing. Concur—Sullivan, J. P., Tom, Mazzarelli, Wallach and Rubin, JJ.