■ In the Matter of the Claim of CAROL A. BAKER, Respondent, v HORACE NYE HOME et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent. [882 NYS2d 327]—

Kane, J. Appeal from a decision of the Workers' Compensation Board, filed March 3, 2008, which ruled that the employer is entitled to reimbursement for certain benefits paid to claimant.

Claimant sustained a work-related injury in May 2004. Her self-insured employer and its third-party administrator (hereinafter collectively referred to as the employer) did not dispute a Workers' Compensation Board decision that claimant suffered a 17.5% schedule loss of use to her left foot, but did request reimbursement for wages paid to her while she was absent from work as a result of her injury. Although otherwise satisfied with the Board's proposed decision granting that request, the employer objected to language in the decision describing circumstances under which an employer would not be entitled to reimbursement, and asked that a hearing be held to resolve the matter. After such a hearing, a Workers' Compensation Law Judge issued a notice of decision that retained the allegedly objectionable language. Upon review, the Board declined to disturb that decision and this appeal ensued.

Having successfully obtained the relief it sought—the employer requested and received reimbursement in the amount of $1,146.89—the employer is not an aggrieved party with standing to appeal the Board's decision (see CPLR 5511; *T.D. v New York State Off. of Mental Health*, 91 NY2d 860, 862 [1997]; *Matter of Held v New York State Workers' Compensation Bd.*, 58 AD3d 971, 972 [2009]). Indeed, such is the case "even where [a] party disagrees with the particular findings, rationale or the opinion supporting the judgment or order below in [its] favor"

(*Parochial Bus Sys. v Board of Educ. of City of N.Y.*, 60 NY2d 539, 545 [1983]).

Peters, J.P., Rose, Lahtinen and Kavanagh, JJ., concur. Ordered that the appeal is dismissed, without costs.