■ In the Matter of the Claim of STEPHANIE REYNOLDS, Respondent, v ESSEX COUNTY et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent. [885 NYS2d 651]—

Spain, J. Appeals (1) from a decision of the Workers' Compensation Board, filed May 1, 2008, which ruled that the employer is entitled to reimbursement for certain benefits paid to

claimant, and (2) from a decision of said Board, filed December 30, 2008, which denied the application of the employer and its third-party administrator for full Board review.

Claimant sustained a work-related injury and, in October 2007, a Workers' Compensation Law Judge (hereinafter WCLJ) issued a proposed decision awarding claimant benefits at a specified rate and directing that the self-insured employer be reimbursed for wages paid to claimant while she was absent from work due to her injury. While not disputing either the underlying award or the amount of reimbursement ordered, the employer and its third-party administrator (hereinafter collectively referred to as the employer) objected to certain language in the WCLJ's proposed decision outlining the circumstances under which reimbursement would not be permitted. Following a hearing on that issue, the WCLJ issued a notice of decision retaining the allegedly objectionable language, and a panel of the Workers' Compensation Board affirmed, rejecting the employer's objection to that language. The employer appealed from that decision, as well as the Board's subsequent denial of its application for full Board review.

The employer has since received the requested reimbursement for wages it paid to claimant and concedes that "there is no present dispute as to the status of [claimant's] leave credits." Accordingly, the employer is not an "aggrieved party" within the meaning of CPLR 5511 and lacks standing to appeal the Board's decisions (see Matter of Baker v Horace Nye Home, 63 AD3d 1415 [2009]; Matter of Curley v Binghamton-Johnson City Joint Sewage Bd., 63 AD3d 1387 [2009]). The mere fact that the employer views certain language in the WCLJ's proposed decision as potentially adverse or problematic does not confer standing (see Matter of Baker v Horace Nye Home, supra; Castaldi v 39 Winfield Assoc., LLC, 22 AD3d 780, 781 [2005]). Accordingly, the employer's appeals are dismissed.

Cardona, J.P., Mercure, Kavanagh and Garry, JJ., concur. Ordered that the appeals are dismissed, without costs.