# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**959**

**CA 10-02444**

PRESENT: SCUDDER, P.J., PERADOTTO, CARNI, GORSKI, AND MARTOCHE, JJ.

KAUFMANN'S CAROUSEL, INC., PLAINTIFF-APPELLANT,

V                                                                MEMORANDUM AND ORDER

CAROUSEL CENTER COMPANY LP AND CITY OF SYRACUSE
INDUSTRIAL DEVELOPMENT AGENCY,
DEFENDANTS-RESPONDENTS.
(ACTION NO. 1.)
-------------------------------------------------
LORD & TAYLOR CAROUSEL, INC.,
PLAINTIFF-APPELLANT,

V

CAROUSEL CENTER COMPANY LP AND CITY OF SYRACUSE
INDUSTRIAL DEVELOPMENT AGENCY,
DEFENDANTS-RESPONDENTS.
(ACTION NO. 2.)
-------------------------------------------------
LT PROPCO, LLC, PLAINTIFF-APPELLANT,

V

CAROUSEL CENTER COMPANY LP AND CITY OF SYRACUSE
INDUSTRIAL DEVELOPMENT AGENCY,
DEFENDANTS-RESPONDENTS.
(ACTION NO. 3.)

HARRIS BEACH PLLC, PITTSFORD (DOUGLAS A. FOSS OF COUNSEL), FOR
PLAINTIFFS-APPELLANTS.

GILBERTI STINZIANO HEINTZ & SMITH, P.C., SYRACUSE (KEVIN G. ROE OF
COUNSEL), FOR DEFENDANT-RESPONDENT CAROUSEL CENTER COMPANY LP.

HISCOCK & BARCLAY, LLP, BUFFALO (MARK R. MCNAMARA OF COUNSEL), FOR
DEFENDANT-RESPONDENT CITY OF SYRACUSE INDUSTRIAL DEVELOPMENT AGENCY.

---

Appeals from an order and judgment (one paper) of the Supreme
Court, Onondaga County (John C. Cherundolo, A.J.), entered March 9,
2010. The order and judgment, among other things, denied plaintiffs'
motion to compel discovery and granted defendant Carousel Center
Company LP's cross motion for partial summary judgment on its first
counterclaim.

It is hereby ORDERED that said appeals by plaintiffs Lord & Taylor Carousel, Inc. and LT Propco, LLC are unanimously dismissed and the order and judgment is otherwise affirmed without costs.

Memorandum:  The plaintiff in each action appeals from an order and judgment that denied plaintiffs' motion to compel discovery, granted the cross motion of Carousel Center Company LP, a defendant in each action (defendant), seeking partial summary judgment on its first counterclaim against Kaufmann's Carousel, Inc., the plaintiff in action No. 1 (plaintiff), and awarded defendant a judgment against plaintiff in the amount of $3,365,834.21, together with interest, costs and disbursements.  We note at the outset that the appeals taken by the plaintiff in action No. 2, Lord & Taylor Carousel, Inc. (Lord & Taylor), and the plaintiff in action No. 3, LT Propco, LLC (LT Propco), must be dismissed.  On a prior appeal that was before us while the motion and cross motion were pending (*LT Propco, LLC v Carousel Ctr. Co., L.P.* [appeal No. 2], 68 AD3d 1697, *lv dismissed in part and denied in part* 15 NY3d 743), we affirmed an order that, inter alia, dismissed Lord & Taylor's action inasmuch as its interest in the store located in the Carousel Center was sold to LT Propco, and Lord & Taylor thus lacked standing (*LT Propco, LLC* [appeal No. 3], 68 AD3d 1697).  Further, defendant never asserted a counterclaim against LT Propco, and LT Propco conceded that its action therefore terminated in a judgment that we affirmed in a related prior appeal (*id.*).  Thus, neither of those parties is aggrieved (*see generally Matter of Reynolds v Essex County*, 66 AD3d 1097).

We reject plaintiff's contention that Supreme Court erred in granting defendant's cross motion for partial summary judgment on its first counterclaim against plaintiff, for damages based on plaintiff's failure to make contributions to a payment in lieu of taxes (PILOT) agreement in breach of the Construction, Operation and Reciprocal Easement Agreement (REA).  Defendant met its burden of establishing its entitlement to judgment as a matter of law (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562).  Plaintiff contends that the court erred in failing to include the additional square footage of the expansion to Carousel Center in calculating plaintiff's PILOT contributions.  We previously addressed that issue in the prior appeals from the order and judgment noted above.  In those appeals, we concluded that the court properly determined that plaintiffs were not entitled to a declaration that they have no obligation to pay defendant amounts serving as contributions to the PILOT agreement (*LT Propco, LLC* [appeal No. 3], 68 AD3d at 1699-1700).  We stated that "the court properly declared that plaintiff[] remained obligated to make contributions to PILOT payments in accordance with the REA, even if the amount of such contributions exceeds the amounts previously paid.  Additionally, because the current PILOT agreement separates the existent Carousel Center from any expansion parcels, there was no need for the court to declare a new formula by which the parties should calculate plaintiff['s] PILOT contributions" (*id.* at 1700).  "Our determination is 'the law of the case and cannot be disturbed on this appeal' " (*Trisvan v County of Monroe*, 55 AD3d 1282, 1283, *lv denied* 11 NY3d 716).

We conclude that plaintiff failed to raise a triable issue of fact whether defendant incorrectly calculated the amount of plaintiff's PILOT contributions.  Pursuant to the REA, plaintiff's contribution is to be determined by multiplying the total amount defendant is obligated to pay pursuant to a PILOT agreement with the City of Syracuse "by a fraction[,] the numerator of which shall be the number of square feet of [f]loor [a]rea of all building on [plaintiff's p]arcel and the denominator of which shall be the number of square feet of [f]loor [a]rea of all building in the Shopping Center."  Defendant submitted evidence establishing that plaintiff and defendant have used 1,238,936 square feet as the denominator in that calculation for more than 12 years and that plaintiff has never objected to the use of that number (*see generally Goldman Copeland Assoc. v Goodstein Bros. & Co.*, 268 AD2d 370, *lv dismissed* 95 NY2d 825, 96 NY2d 796, *rearg denied* 96 NY2d 897).  Although plaintiff submitted evidence in opposition to the cross motion establishing that other entities not involved in the present litigation have attributed a higher square footage to the Carousel Center, there is no indication that those other entities calculated the square footage in the manner required by the REA.  Plaintiff's "mere hope or speculation" that further discovery will lead to evidence sufficient to defeat defendant's cross motion is insufficient to warrant denial thereof (*Lopez v WS Distrib., Inc.*, 34 AD3d 759, 760).

Entered:  September 30, 2011                          Patricia L. Morgan
                                                     Clerk of the Court