McCarthy, J.
Appeal from a decision of the Workers’ Compensation Board, filed October 26, 2012, which, among other things, ruled that home health aide services provided to claimant were reimbursable at the rate of $12 per hour.
Claimant is receiving workers’ compensation benefits for *1209 work-related injuries. Among those benefits, the Workers’ Compensation Board approved for him to receive home health aide services 10 hours per day. In May 2008, claimant’s sister began providing these services. Although the workers’ compensation carrier initially denied payment to the sister, following a January 2010 hearing a Workers’ Compensation Law Judge directed the carrier to pay her $20,700 for home health aide services that she provided between May 2008 and December 2008. The Board affirmed that decision. The sister submitted additional bills for 2008, as well as for 2009 and 2010, seeking payment at the rate of $25 per hour. Following a hearing, the Workers’ Compensation Law Judge determined, among other things, that she was entitled to receive the rate of $12 per hour starting in 2011, and she was not entitled to further payment for any services rendered prior to that time. The Board affirmed. Claimant appeals, addressing only the rate payable for home health aide services.
Claimant is not aggrieved by the rate set for home health aide services; he received the care that he sought, and any disagreement concerning the reimbursement rate is between the care provider — here, claimant’s sister — and the carrier (see Matter of Lewis v Lefren, Inc., 234 App Div 513, 513-514 [1932]; see also CPLR 5511; Matter of Clark v Clarkstown Police Dept., 201 AD2d 824, 825 [1994]). As claimant may not raise issues on behalf of his sister, or any care provider, and he has received the relief he sought, we dismiss his appeal (see Matter of Reynolds v Essex County, 66 AD3d 1097, 1098 [2009]; Matter of Curley v Binghamton-Johnson City Joint Sewage Bd., 63 AD3d 1387, 1387 [2009]).*
Lahtinen, J.E, Stein and Garry, JJ., concur. Ordered that the appeal is dismissed, without costs.

 We reject, as mere speculation, claimant’s argument that he is harmed because other care providers may learn of the carrier’s alleged breach of an alleged contract between the carrier and claimant’s sister and be reluctant to provide future care to him on that basis.