Matter of Brennan (Village of Johnson City) (2021 NY Slip Op 01456)





Matter of Brennan (Village of Johnson City)


2021 NY Slip Op 01456


Decided on March 11, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 11, 2021

530187

[*1]In the Matter of the Claim of Kevin Brennan, Appellant,
Village of Johnson City et al., Respondents. Workers' Compensation Board, Respondent.

Calendar Date: February 9, 2021

Before: Garry, P.J., Egan Jr., Pritzker, Reynolds Fitzgerald and Colangelo, JJ.


Kevin Brennan, Endicott, appellant pro se.



Colangelo, J.
Appeal from a decision of the Workers' Compensation Board, filed September 12, 2019, which, among other things, granted claimant's request for authorization of a one-year gym membership.
In 1995, claimant sustained a work-related injury, and his subsequent claim for workers' compensation benefits was established for injuries to his back and hips. Thereafter, claimant was found to have violated Workers' Compensation Law § 114-a and was disqualified from receiving future wage-replacement benefits. Liability for the claim was subsequently transferred, effective in November 2002, to the Special Fund for Reopened Cases pursuant to Workers' Compensation Law § 25-a.
In 2011, claimant underwent total left hip replacement surgery, and, from 2014 through 2018, the Special Fund granted annual C-4AUTH (Attending Doctor's Request for Authorization and Carrier's Response) forms filed by claimant's treating physician requesting authorization for payment of one-year gym memberships on the ground that claimant needed an independent exercise program to increase strength and function in his hips. In March 2019, claimant's treating physician again filed a C-4AUTH form requesting authorization for a one-year "gym membership for [an] independent exercise program [to] maintain bilateral hips." That request was subsequently denied based on the opinion of the Special Fund's independent medical examiner who concluded that a gym membership was not medically necessary. Claimant contested the denial, and, following a hearing, a Workers' Compensation Law Judge (hereinafter WCLJ) authorized the one-year gym membership and granted claimant's request to direct the Special Fund to reimburse claimant $350 in one lump sum for the entire cost of the annual gym membership. Upon administrative review, the Workers' Compensation Board, among other things, upheld the authorization of the gym membership but rescinded that portion of the WCLJ's ruling directing the Special Fund to reimburse claimant $350 in one lump sum. Instead, the Board ordered the Special Fund to reimburse claimant $89 for amounts already paid by claimant for his gym membership and directed claimant to include proof of his future monthly gym membership payments with his medical and travel reimbursement requests. Claimant appeals.
Initially, we must examine whether claimant is aggrieved by the Board's September 2019 decision such that he may invoke this Court's jurisdiction. Aggrievement is a central and necessary component to invoke this Court's jurisdiction, and only an aggrieved party may appeal (see CPLR 5511; Hernandez v State of New York, 173 AD3d 105, 110 [2019]; Matter of Dolomite Prods. Co., Inc. v Town of Ballston, 151 AD3d 1328, 1330 [2017]). "[I]f a party is not aggrieved, then this Court does not have jurisdiction to entertain the appeal" (Matter of Dolomite Prods. Co., Inc. v Town of Ballston, 151 AD3d at 1330; see Tortora v LaVoy, 54 AD2d 1036, 1036 [1976]). Claimant successfully obtained [*2]authorization for a one-year gym membership, reimbursement for monies already paid for that membership and the right to reimbursement for any future amounts paid for that gym membership. Having received the relief sought, we find that claimant is not aggrieved by the Board's September 2019 decision; thereforem we lack jurisdiction to entertain claimant's appeal and it must be dismissed (see CPLR 5511; Matter of Bland v Gellman, Brydges & Schroff, 151 AD3d 1484, 1488-1489 [2017], lv dismissed and denied 30 NY3d 1035 [2017], cert denied ___ US ___, 139 S Ct 240 [2018]; Matter of Reynolds v Essex County, 66 AD3d 1097, 1098 [2009]; Matter of Baker v Horace Nye Home, 63 AD3d 1415, 1415 [2009]; Matter of Curley v Binghamton-Johnson City Joint Sewage Bd., 63 AD3d 1387, 1387 [2009]).
Garry, P.J., Egan Jr., Pritzker and Reynolds Fitzgerald, JJ., concur.
ORDERED that the appeal is dismissed, without costs.