Matter of Doreen J. (2021 NY Slip Op 02484)





Matter of Doreen J.


2021 NY Slip Op 02484


Decided on April 23, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:April 23, 2021

532510
[*1]In the Matter of Doreen J. Ruth Roberts, as Director of Community Services for Chenango County, Petitioner; Doreen J., Appellant.

Calendar Date:April 22, 2021

Before:Garry, P.J., Egan Jr., Lynch and Colangelo, JJ.

Sheila E. Shea, Mental Hygiene Legal Service, Albany (A. Laura Bevacqua of counsel), for appellant.



Lynch, J.
Appeal from a judgment of the Supreme Court (McBride, J.), entered September 17, 2020 in Chenango County, which granted petitioner's application, in a proceeding pursuant to Mental Hygiene Law article 9, for an order authorizing an additional period of assisted outpatient treatment for respondent.
On April 18, 2019, Supreme Court (Guy, J.) issued an order pursuant to Mental Hygiene Law § 9.60 directing respondent to receive assisted outpatient treatment (hereinafter AOT) for a period of one year through April 17, 2020.[FN1] In the meantime, the COVID-19 pandemic began, prompting the Chief Administrative Judge to issue an administrative order (hereinafter AO/75/20) on March 20, 2020, directing that "any [AOT] . . . order . . . that is due to expire on or after the date of this order, and in which a petition for an extension of the [AOT] order has been filed or will be filed, shall be extended under the same terms and conditions until the date the matter is re-calendared, unless the order is sooner terminated or modified by a [J]udge or [J]ustice of the court that issued the order."
By order to show cause dated April 7, 2020, with a petition attached thereto, petitioner moved for an order directing continued AOT compliance for respondent for another year. Supreme Court (McBride, J.) signed the order to show cause, extending the underlying AOT order pending a hearing. Following a hearing on September 15, 2020, Supreme Court issued an order that same day that continued respondent's AOT services for a period of one year from that date. Respondent appeals, challenging only Supreme Court's failure to measure the one-year period of continued AOT compliance from the initial expiration date of the prior AOT order.[FN2]
Resolution of the issue necessarily begins with the plain language of the statutory text, which is "the clearest indicator of legislative intent" (Majewski v Broadalbin-Perth Cent. School Dist., 91 NY2d 577, 583 [1998]; see Matter of Minichiello v New York City Dept. of Homeless Servs., 188 AD3d 1401, 1402 [2020]). As relevant here, Mental Hygiene Law § 9.60 (k) (2) provides that, "[w]ithin [30] days prior to the expiration of an order of [AOT], the appropriate director or the current petitioner . . . may petition the court to order continued [AOT] for a period not to exceed one year from the expiration date of the current order" (emphasis added). The statute further provides that, if a disposition of the petition "does not occur prior to the expiration date of the current order, the current order shall remain in effect until such disposition" (Mental Hygiene Law 9.60 [k] [2]). The hearing must be held within three days of the court's receipt of the petition, excluding weekends and holidays, and with adjournments permitted for good cause (see Mental Hygiene Law 9.60 [h] [1]). Insofar as AO/75/20 speaks to extending an AOT order pending a re-calendaring, it tracks the procedure already codified in the statute. In a very real sense, AO/75[*2]/20 constitutes a prudent administrative acknowledgement that the public health crisis presented by the COVID-19 pandemic constitutes good cause for an adjournment under the statute.
At the hearing, petitioner argued that since the initial AOT order had been continued through the disposition of the extension petition in accord with Mental Hygiene Law § 9.60 (k) (2), the period of continued AOT compliance should be measured from the date of the extension order. Respondent counters that the statute expressly states that the continuation runs from the expiration date of the initial order. While petitioner's contention is not unreasonable, we think respondent's interpretation constitutes a sounder reading of the statute as a whole. The underscored statutory language quoted above specifies that an extension runs "from the expiration date of the current order" (Mental Hygiene Law § 9.60 [k] [2]). The succeeding statutory provisions account for real world instances in which a disposition cannot be reached by the initial expiration date and allows for necessary adjournments. Notably, respondent in no way challenges the extension of the hearing into September 2020. In our view, the provisions continuing the original AOT order to accommodate a hearing beyond the initial expiration date do not change the threshold statutory directive to measure the extension period from that original expiration date. Had the Legislature intended otherwise, certainly language could have been added to measure the extension period from the original expiration date or any continuation of that date. That was not done. When considering the statutory text in conjunction with the liberty interests at stake (see Matter of K.L., 1 NY3d 362, 370-372 [2004]; Mental Hygiene Law § 9.60 [n]), we conclude that the statutory time frame of an order continuing AOT services runs from the expiration date set forth in the prior AOT order, not from the date to which the prior order was extended (see Mental Hygiene Law § 9.60 [k] [2]; McKinney's Cons Laws of NY, Book 1, Statutes § 314).
Garry, P.J., Egan Jr. and Colangelo, JJ., concur.
ORDERED that the judgment is modified, on the law, without costs, by reversing so much thereof as ran the one-year period of continued assisted outpatient treatment for respondent from September 15, 2020; it is directed that the one-year period shall run from April 17, 2020 and, under the circumstances presented, the effective date of this order is stayed through April 30, 2021; and, as so modified, affirmed.



Footnotes

Footnote 1: Although the April 2019 AOT order is not contained in the record on appeal, we take judicial notice of the copy annexed to respondent's brief (see Long v State of New York, 7 NY3d 269, 275 [2006]).

Footnote 2: Petitioner has not filed a brief in opposition.