Travis A. v Vilma B. (2021 NY Slip Op 04996)





Travis A. v Vilma B.


2021 NY Slip Op 04996


Decided on September 16, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:September 16, 2021

531115
[*1]Travis A., Respondent,
v
Vilma B., Appellant.

Calendar Date:August 18, 2021

Before:Garry, P.J., Egan Jr., Clark, Pritzker and Colangelo, JJ.

Milbank LLP, New York City (Jonathan D. Lamberti of counsel), for appellant.
Travis A., Cortland, respondent pro se.
Proskauer Rose LLP, Boston, Massachusetts (John E. Roberts of counsel), for Sanctuary for Families and another, amici curiae.



Clark, J.
Appeal from a judgment of the Supreme Court (Campbell, J.), entered January 31, 2020 in Cortland County, granting plaintiff an annulment of the parties' marriage, upon a decision of the court.
Plaintiff (hereinafter the husband), a United States citizen, and defendant (hereinafter the wife), a citizen of the Philippines, met online in February 2018 and got engaged in June 2018, during the first of the husband's two trips to the Philippines. In April 2019, the wife entered the United States on a K-1 (fiancÉe) visa and moved in with the husband. Several weeks later, on June 8, 2019, the parties were married. However, the marriage rapidly deteriorated, with the wife moving out of the marital home less than two weeks after the wedding. In July 2019, the husband commenced this action seeking an annulment based upon the wife's alleged fraud in the inducement. Specifically, the husband alleged that the wife married him "with the sole purpose of becoming a U.S. [c]itizen." The wife joined issue, denying the husband's allegation of fraud in the inducement and asserting that the husband had perpetrated acts of domestic violence against her and that she "removed herself from the marital premises for her own safety." Following a nonjury trial, Supreme Court issued a decision finding that the wife had fraudulently induced the husband to marry her to obtain citizenship and that the husband was therefore entitled to an annulment. By judgment of annulment entered in January 2020, which incorporated Supreme Court's decision, the parties' marriage was annulled. The wife appeals.[FN1]
Where the consent of either spouse to a marriage was obtained by fraud, the marriage is voidable by way of an annulment action (see Domestic Relations Law §§ 7 [4]; 140 [e]; Kober v Kober, 16 NY2d 191, 196 [1965]). To obtain an annulment, the plaintiff spouse must prove that the defendant spouse knowingly made a material false representation to the plaintiff spouse with the intent of inducing the plaintiff spouse's consent to marriage, that the misrepresentation was of such a nature as to deceive an ordinarily prudent person, that the plaintiff spouse justifiably relied on the misrepresentation in consenting to marriage and that, once aware of the false representation, cohabitation ceased (see Domestic Relations Law § 140 [e]; Shonfeld v Shonfeld, 260 NY 477, 479-480 [1933]; Brazil v Brazil, 235 AD2d 611, 613 [1997]; Avnery v Avnery, 50 AD2d 806, 806 [1975], appeal dismissed 38 NY2d 997 [1976]). Generally, "[p]remarital falsehoods as to love and affection are not enough" to warrant an annulment based upon fraud (Woronzoff-Daschkoff v Woronzoff-Daschkoff, 303 NY 506, 512 [1952]; accord Avnery v Avnery, 50 AD2d at 807). However, proof that a defendant spouse induced the plaintiff spouse to marry with the sole objective of obtaining an immigration or citizenship benefit may, in certain cases, constitute grounds for an annulment (see Brillis v Brillis, 4 NY2d 125, 127 [1958]; [*2]Avnery v Avnery, 50 AD2d at 808; Miodownik v Miodownik, 259 App Div 851, 851 [1940]; Bracksmayer v Bracksmayer, 22 NYS2d 110, 111 [Sup Ct, NY County 1940]; compare Novick v Novick, 17 Misc 2d 350, 351 [Sup Ct, NY County 1959]). An annulment may not be granted solely upon "the declaration or confession of either party"; rather, the plaintiff spouse must produce "satisfactory evidence of the facts" (Domestic Relations Law § 144 [2]), that is, evidence consisting of "other material from other sources, substantial and reliable enough to satisfy the conscience of the trier of the facts" (de Baillet-Latour v de Baillet-Latour, 301 NY 428, 431 [1950]; accord Fishman v Fishman, 48 AD2d 876, 877 [1975]). Where the plaintiff spouse seeks an annulment based upon fraud in the inducement, such fraud must be proven by clear and convincing evidence (see Vanderhorst v Vanderhorst, 282 App Div 312, 314 [1953]; Peterson v Peterson, 255 App Div 537, 538 [1938]; see also Shonfeld v Shonfeld, 260 NY at 489 [Crane, J., dissenting]).
The husband's case of fraud in the inducement was premised upon his claim that the wife induced him to marry through false representations of love and affection for the sole purpose of obtaining an immigration benefit. The husband, however, failed to prove that claim at trial, as his proof fell far short of demonstrating a fraudulent premarital intent on the part of the wife. The husband's proof primarily consisted of testimony establishing premarital and marital discord between the parties. Although the husband sought to attribute that discord to a fraudulent premarital intent, he ultimately failed to demonstrate "that the marital break was due to any cause other than the general discontent and incompatibility of the parties" (Schacht v Schacht, 24 AD2d 614, 614 [1965]). Indeed, the husband's own proof demonstrated that, during their marital spats, the wife indicated her desire to leave the marriage and return to her family and friends in the Philippines. The fact that she remained in the United States after the parties ceased cohabitating is insufficient to demonstrate that, prior to the marriage, the wife had the intent to induce the husband to marry with the sole objective of obtaining an immigration benefit. In determining otherwise, Supreme Court erred by not holding the husband to his burden of proof, relying too heavily upon the wife's belated filing of a family offense petition in another county and taking a negative inference against the wife for purportedly exploring relief under the Violence Against Women Act. Accordingly, Supreme Court erred [FN2] in granting the husband an annulment based upon fraud in the inducement (see Schacht v Schacht, 24 AD2d at 614; compare Brillis v Brillis, 4 NY2d at 127).
Garry, P.J., Egan Jr., Pritzker and Colangelo, JJ., concur.
ORDERED that the judgment is reversed, on the law, without costs, and complaint dismissed.



Footnotes

Footnote 1: Although the notice of appeal states that the appeal is being taken from Supreme Court's decision, a nonappealable paper, we exercise our discretion and deem the appeal as having been taken from the judgment of annulment (see CPLR 5512 [a]; Orser v Wholesale Fuel Distribs. CT, LLC, 173 AD3d 1519, 1520 n 2 [2019], lv denied 34 NY3d 909 [2020]). We take judicial notice of the judgment of annulment, which was omitted from the record on appeal, but provided to this Court during the course of the parties' appellate motion practice (see Matter of Doreen J., 193 AD3d 1250, 1251 n 1 [2021]).

Footnote 2: Although not germane to our final analysis, the wife correctly asserts that Supreme Court improperly excluded certain photographs from evidence. Contrary to Supreme Court's assertions, the wife laid a proper foundation for admission of the photographs and, thus, they should have been admitted (see People v Price, 29 NY3d 472, 477 [2017]; People v Byrnes, 33 NY2d 343, 347 [1974]). Once admitted, Supreme Court could determine what weight, if any, to give the photographs (see Matter of Colby II. [Sheba II.], 145 AD3d 1271, 1273 [2016]; People v Agudelo, 96 AD3d 611, 611 [2012], lv denied 20 NY3d 1095 [2013]).