HSBC Bank USA, N.A. v Bedinotti (2022 NY Slip Op 04599)

HSBC Bank USA, N.A. v Bedinotti

2022 NY Slip Op 04599

Decided on July 14, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:July 14, 2022

533301
[*1]HSBC Bank USA, National Association, as Trustee, Respondent,
v
Peter L. Bedinotti, Also Known as Peter Bedinotti, Appellant, et al., Defendants.

Calendar Date:June 2, 2022

Before:Garry, P.J., Egan Jr., Lynch, Reynolds Fitzgerald and McShan, JJ.

Fairbanks Fletcher Law PLLC, Saratoga Springs (Sandra Poland Demars of counsel), for appellant.
LOGS Legal Group LLP, Rochester (Austin T. Shufelt of counsel), for respondent.

Reynolds Fitzgerald, J.
Appeal from a judgment of the Supreme Court (Nolan Jr., J.), entered March 9, 2020 in Saratoga County, which, among other things, granted plaintiff's motion for a judgment of foreclosure and sale.
In 2006, defendant Peter L. Bedinotti (hereinafter defendant) secured a $244,000 loan by mortgaging real property that he owned in Saratoga County. The mortgage was subsequently assigned to plaintiff, which commenced this foreclosure action in September 2009, after defendant went into default on the loan. The following year, Supreme Court allowed expedient service on defendant, who answered in June 2015 asserting several affirmative defenses and counterclaims, including that plaintiff failed to abide by notice requirements pursuant to RPAPL 1304. Plaintiff thereafter moved for summary judgment and appointment of a referee to compute the amount due on the mortgage loan. Defendant opposed and cross-moved for summary judgment dismissing the complaint. In December 2016, the court granted plaintiff's motion and denied defendant's cross motion, finding, among other things, that defendant failed to prove that the subject property was his principal dwelling so as to trigger the notice requirements under RPAPL 1304.
In February 2018, Supreme Court ordered the foreclosure and sale of the property. However, upon defendant's request, the court vacated said judgment of foreclosure and sale due to plaintiff's noncompliance with service and filing requirements relative to the December 2016 order (see CPLR 2103 [b]; 2220). Plaintiff then moved to confirm the referee's July 2019 report determining the amount due, as well as for a new judgment of foreclosure and sale, which defendant opposed. Since plaintiff had proven its entitlement to judgment on the merits and no challenge to the referee's report was lodged, the court granted plaintiff's motion in its entirety. Defendant appeals.[FN1]
At the outset, plaintiff contends that this appeal should be dismissed as defendant is no longer aggrieved by the judgment.[FN2] We agree. Indeed, only an aggrieved party may appeal because this Court otherwise lacks jurisdiction over the matter (see CPLR 5511; Matter of Brennan v Village of Johnson City, 192 AD3d 1287, 1288-1289 [2021]). Here, it is undisputed that defendant conveyed his interest in the property to a third party prior to the entry of the judgment of foreclosure and sale. Accordingly, he "lacks a direct interest in the controversy" (JPMorgan Chase Bank, N.A. v Seema, 169 AD3d 622, 622 [2019]; see Valiotis v Bekas, 191 AD3d 1037, 1038 [2021]). Defendant nonetheless posits that he retains standing since he remains obligated on the note. However, he acknowledges that plaintiff executed a waiver of deficiency judgment against him and, therefore, the appealed-from judgment does not impact defendant's existing rights (see Bank of N.Y. v Richards, 192 AD3d 1228, 1230-1231 [2021]; PNC Bank, N.A. v Lefkowitz, 185 AD3d 1069, 1070 [2020]; JPMorgan Chase Bank, N.A. v Seema[*2], 169 AD3d at 622; compare Wells Fargo Bank, N.A. v Schubnel, 176 AD3d 1353, 1353-1354 [2019]).
Garry, P.J., Egan Jr., Lynch and McShan, JJ., concur.
ORDERED that the appeal is dismissed, with costs.

Footnotes

Footnote 1: Although defendant appeals from Supreme Court's March 9, 2020 decision — a nonappealable paper (see CPLR 5512 [a]) — we exercise our discretion and deem the appeal as having been taken from the judgment entered on the same day (see CPLR 5520 [c]; Travis A. v Vilma B., 197 AD3d 1401, 1402 n 1 [2021]).

Footnote 2: During the pendency of this appeal, plaintiff unsuccessfully moved this Court to dismiss the appeal upon the same grounds (2022 NY Slip Op 60998[U] [2022]).