Matter of Birro v Wolkow-Braker Roofing Corp. (2023 NY Slip Op 05770)

Matter of Birro v Wolkow-Braker Roofing Corp.

2023 NY Slip Op 05770

Decided on November 16, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:November 16, 2023

535730
[*1]In the Matter of the Claim of Joseph Birro Jr., Appellant,
v
Wolkow-Braker Roofing Corp. et al., Respondents. Workers' Compensation Board, Respondent.

Calendar Date:October 11, 2023

Before:Clark, J.P., Aarons, Reynolds Fitzgerald, Fisher and McShan, JJ.

The Perecman Firm, PLLC, New York City (Edward Guldi of counsel), for appellant.
Vecchione, Vecchione, Connors & Cano, LLP, Garden City Park (Michael F. Vecchione of counsel), for Wolkow-Braker Roofing Corp. and another, respondents.
David F. Wertheim, State Insurance Fund, Melville (Katherine Mason-Horowitz of counsel), for State Insurance Fund, respondent.

Reynolds Fitzgerald, J.
Appeal from a decision of the Workers' Compensation Board, filed June 16, 2022, which ruled, among other things, that apportionment did not apply to claimant's workers' compensation award.
Claimant, a roofer, has two established claims for work-related injuries sustained while working for the employer — one in 2006 and the other in 2015. The 2006 claim stemmed from claimant sustaining injuries to his left knee and lower back after he slipped and fell in a staircase, and the carrier for that claim was the State Insurance Fund. In 2008, the parties stipulated that claimant had sustained an 18.75% schedule loss of use award for his left leg, and claimant was awarded benefits. By all accounts, claimant continued to work following this incident — albeit initially with restrictions. The 2015 claim — again the result of a fall at work — was established for injuries to claimant's left knee, left ankle and back, and the carrier for that claim was New Hampshire Insurance Company. Claimant underwent separate surgeries on his left knee and lumbar spine in 2016 and, in 2018, was classified as permanently partially disabled with a 59% loss of wage-earning capacity and was awarded benefits.
In 2018 and 2019, claimant was evaluated by two independent medical examiners and, following their respective depositions, a Workers' Compensation Law Judge (hereinafter WCLJ) apportioned liability equally between the 2006 and 2015 claims. The Workers' Compensation Board rescinded the WCLJ's decision based upon inadequacies and/or defects in the respective medical opinions offered and directed the parties to produce clarifying evidence on the issue of apportionment. In response, the only opinion tendered was that of the orthopedic surgeon who reviewed claimant's medical records on behalf of New Hampshire. Based upon that opinion, the WCLJ apportioned 80% liability to the 2006 claim and 20% liability to the 2015 claim. Upon the employer and New Hampshire's application for review, the Board, as relevant here, modified the WCLJ's decision, finding that apportionment between the two claims was inapplicable and that liability remained with New Hampshire as the carrier responsible for the 2015 claim. This appeal by claimant ensued.[FN1]
Claimant's sole argument upon appeal is that the Board erred in rejecting the only medical opinion offered on the issue of apportionment. The apportionment inquiry, however, centers upon which of the two responsible carriers — the State Insurance Fund and/or New Hampshire — should bear liability for claimant's disability (see generally Matter of Ferrari v Frito Lay, 164 AD3d 1507, 1508 [3d Dept 2018]). Stated differently, the Board's decision, as relevant here, in no way implicates claimant's entitlement to awards but, rather, addresses only which entity should be responsible for those payments. As such, we are hard pressed to discern the manner in which claimant is aggrieved by the Board's decision (see generally Matter of Bland v Gellman, Brydges & [*2]Schroff, 127 AD3d 1436, 1437 [3d Dept 2015], lv dismissed 26 NY3d 948 [2015]).
"Aggrievement is a central and necessary component to invoke this Court's jurisdiction, and only an aggrieved party may take an appeal to this Court" (Matter of Roach v Cornell Univ., 207 AD3d 931, 931 [3d Dept 2022] [internal quotation marks, brackets and citations omitted]). "If a party is not aggrieved, then this Court does not have jurisdiction to entertain the appeal" (Matter of Brennan v Village of Johnson City, 192 AD3d 1287, 1289 [3d Dept 2021] [internal quotation marks, brackets and citations omitted]; see HSBC Bank USA, N.A. v Bedinotti, 207 AD3d 927, 928 [3d Dept 2022]). As the sole issue before the Court is whether the Board erred in failing to apportion liability for the established claims between the two responsible carriers, we conclude that claimant is not aggrieved by the Board's decision. Accordingly, "we lack jurisdiction to entertain claimant's appeal and it must be dismissed" (Matter of Brennan v Village of Johnson City, 192 AD3d at 1289; see HSBC Bank USA, N.A. v Bedinotti, 207 AD3d at 928).
Clark, J.P., Aarons, Fisher and McShan, JJ., concur.
ORDERED that the appeal is dismissed, with costs to claimant.

Footnotes

Footnote 1: The employer and New Hampshire's prior appeal to this Court was dismissed in January 2023 for failure to perfect.