Matter of Cross v New York State Dept. of Corr. & Community Supervision (2024 NY Slip Op 00844)

Matter of Cross v New York State Dept. of Corr. & Community Supervision

2024 NY Slip Op 00844

Decided on February 15, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:February 15, 2024

CV-23-0992
[*1]In the Matter of the Claim of Brenda Cross, Appellant,
v
New York State Department of Corrections and Community Supervision et al., Respondents. Workers' Compensation Board, Respondent.

Calendar Date:January 8, 2024

Before:Garry, P.J., Pritzker, Lynch, Fisher and Powers, JJ.

Kirk & Teff, LLP, Kingston (Justin S. Teff of counsel), for appellant.
David F. Wertheim, State Insurance Fund, Albany (Thomas Tumino of counsel), for New York State Department of Corrections and Community Supervision and another, respondents.

Pritzker, J.
Appeal from a decision of the Workers' Compensation Board, filed January 26, 2023, which ruled that the employer's workers' compensation carrier was not responsible for payment of certain disputed medical bills.
Claimant established a workers' compensation claim for an injury to her right knee and consequential injuries to her left knee and right ankle stemming from a 2020 work-related accident. In April 2021, the employer's workers' compensation carrier notified claimant and her treating medical provider of the specified providers with which the carrier had contracted for diagnostic testing and which claimant was required to use for diagnostic testing and examinations. Thereafter, claimant sought and received approval for an MRI of her right ankle. The employer and its carrier filed a C-8.1 form objecting to the payment of the MRI bill on the ground that claimant did not use one of the specified providers for the diagnostic testing. Following a hearing, the Workers' Compensation Law Judge (hereinafter WCLJ) ruled in favor of the carrier and found claimant not responsible. The Workers' Compensation Board affirmed the WCLJ's decision. This appeal by claimant ensued.
We agree with the employer and the carrier that claimant lacks standing on this appeal as she is not aggrieved.[FN1] The Board affirmed the WCLJ's decision that claimant was "not responsible" for the medical bill, and, as the medical service relates to an established site of injury, payment for such medical service cannot be collected from claimant (see Workers' Compensation Law §§ 13 [a]; 13-f [1]). Further, the diagnostic testing for her established site of injury was approved and performed, and she is not aggrieved by the rate at which an out-of-network provider is paid as "any disagreement concerning the reimbursement rate is between the care provider . . . and the carrier" (Matter of Perrin v Builders Resource, Inc., 116 AD3d 1208, 1209 [3d Dept 2014]; see Matter of Brennan v Village of Johnson City, 192 AD3d 1287, 1288-1289 [3d Dept 2021]). As such, claimant's appeal is dismissed.
Garry, P.J., Lynch, Fisher and Powers, JJ., concur.
ORDERED that the appeal is dismissed, without costs.

Footnotes

Footnote 1: Any assertion by claimant that her ability to obtain future medical care could possibly be hindered if the dispute as to the medical bill is resolved in favor of the carrier is mere speculation.