Nationwide Affinity Ins. Co. of Am. v Silva Acupuncture, P.C. (2024 NY Slip Op 01381)

Nationwide Affinity Ins. Co. of Am. v Silva Acupuncture, P.C.

2024 NY Slip Op 01381

Decided on March 15, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 15, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., LINDLEY, OGDEN, NOWAK, AND DELCONTE, JJ.

8 CA 23-01180

[*1]NATIONWIDE AFFINITY INSURANCE COMPANY OF AMERICA, NATIONWIDE GENERAL INSURANCE COMPANY, NATIONWIDE INSURANCE COMPANY OF AMERICA, NATIONWIDE MUTUAL FIRE INSURANCE COMPANY, NATIONWIDE MUTUAL INSURANCE COMPANY, NATIONWIDE ASSURANCE COMPANY, NATIONWIDE PROPERTY & CASUALTY, TITAN INDEMNITY COMPANY, VICTORIA FIRE & CASUALTY COMPANY AND VICTORIA AUTOMOBILE INSURANCE COMPANY, PLAINTIFFS-RESPONDENTS,
v
SILVA ACUPUNCTURE, P.C., DEFENDANT-APPELLANT. 

THE RYBAK FIRM, PLLC, BROOKLYN (MAKSIM LEYVI OF COUNSEL), FOR DEFENDANT-APPELLANT.
HOLLANDER LEGAL GROUP, P.C., MELVILLE (ALLAN S. HOLLANDER OF COUNSEL), FOR PLAINTIFFS-RESPONDENTS. 

 Appeal from an amended order and judgment (one paper) of the Supreme Court, Onondaga County (Donald A. Greenwood, J.), entered January 3, 2023. The amended order and judgment, inter alia, granted the motion of plaintiffs for summary judgment. 
It is hereby ORDERED that the amended order and judgent so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiffs commenced this action seeking a judgment declaring that they are not obligated to pay certain insurance claims and alleging that defendant, by repeatedly failing to appear at requested examinations under oath (EUOs), breached a material condition precedent to coverage. Plaintiffs then moved for summary judgment on the complaint. Supreme Court granted the motion and issued a declaration in plaintiffs' favor. Defendant now appeals, and we affirm.
We conclude upon our review of the record that plaintiffs met their burden as movants and that defendant failed to raise a triable issue of fact (see Nationwide Affinity Ins. Co. of Am. v Jamaica Wellness Med., P.C., 180 AD3d 1379, 1381 [4th Dept 2020]; Nationwide Affinity Ins. Co. of Am. v Beacon Acupuncture, P.C., 175 AD3d 1836, 1837 [4th Dept 2019]). Contrary to defendant's contention, plaintiffs established that they had a "specific objective justification" supporting the use of EUOs (11 NYCRR 65-3.5 [e]). In addition, defendant's " 'mere hope or speculation' that further discovery will lead to evidence sufficient to defeat [plaintiffs' motion] is insufficient to warrant denial thereof" (Kaufmann's Carousel, Inc. v Carousel Ctr. Co. LP, 87 AD3d 1343, 1345 [4th Dept 2011], lv dismissed 18 NY3d 975 [2012], rearg denied 19 NY3d 938 [2012]; see Austin v CDGA Natl. Bank Trust & Canandaigua Natl. Corp., 114 AD3d 1298, 1301 [4th Dept 2014]; see generally CPLR 3212 [f]).
Finally, defendant's contentions concerning the scheduling of EUOs are improperly raised for the first time on appeal (see Ciesinski v Town of Aurora, 202 AD2d 984, 985 [4th Dept 1994]).
Entered: March 15, 2024
Ann Dillon Flynn
Clerk of the Court