Matter of Talarico v Niagara County Dept. of Social Servs. (2024 NY Slip Op 01584)

Matter of Talarico v Niagara County Dept. of Social Servs.

2024 NY Slip Op 01584

Decided on March 21, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:March 21, 2024

535782
[*1]In the Matter of the Claim of Deborah Talarico, Claimant,
v
Niagara County Department of Social Services et al., Appellants. Workers' Compensation Board, Respondent.

Calendar Date:February 14, 2024

Before:Egan Jr., J.P., Aarons, Pritzker, McShan and Mackey, JJ.

Law Office of Melissa A. Day, PLLC, Amherst (Melissa A. Day of counsel), for appellants.
Letitia James, Attorney General, New York City (Nina M. Sas of counsel), for respondent.

Aarons, J.
Appeal from a decision of the Workers' Compensation Board, filed June 24, 2022, which ruled that claimant sustained a compensable injury and awarded workers' compensation benefits.
Claimant, a caseworker for the employer, slipped and fell on ice while leaving a home visit with a client and allegedly sustained injuries to her lower back, left hip and left elbow. The initial medical report found that claimant was temporarily totally disabled and directed that she remain out of work until February 11, 2022. The self-insured employer through its third-party administrator (hereinafter collectively referred to as the employer) initially paid benefits to claimant at a temporary total disability rate but subsequently changed the benefits to a temporary partial disability rate. The employer thereafter issued a subpoena for deposition testimony of claimant's medical provider with regard to claimant's degree of disability.[FN1] Claimant moved to quash the subpoena in Supreme Court, which the employer opposed. Meanwhile, claimant requested a workers' compensation hearing to establish the claim and to address claimant's average weekly wage and degree of disability.
Following oral argument on April 18, 2022, Supreme Court (Grisanti, J.) quashed the subpoena, stating on the record that pursuant to Workers' Compensation Law § 142 a subpoena for deposition testimony must be authorized by the Workers' Compensation Board prior to it being issued — such decision was memorialized in an order dated May 5, 2022. At a hearing held on April 25, 2022, a Workers' Compensation Law Judge (hereinafter WCLJ) established the claim and the parties stipulated to the findings, including lost time which included a period of less than total disability before claimant's return to work. Neither party administratively appealed the WCLJ's decision. Notwithstanding this, the Board, noting its continuing jurisdiction pursuant to Workers' Compensation Law § 123, and on its own motion, affirmed the WCLJ's decision. In addition, the Board included within its decision its interpretation of the statutory and regulatory scheme regarding subpoenas for deposition testimony of medical providers. The employer appeals.
The appeal must be dismissed as the employer is not aggrieved. "Aggrievement is a central and necessary component to invoke this Court's jurisdiction, and only an aggrieved party may take an appeal to this Court" (Matter of Birro v Wolkow-Braker Roofing Corp., 221 AD3d 1221, 1222 [3d Dept 2023] [internal quotation marks and citations omitted]). In other words, this Court has no jurisdiction to entertain an appeal if a party is not aggrieved (see id.; Matter of Brennan v Village of Johnson City, 192 AD3d 1287, 1289 [3d Dept 2021]). The employer's argument on appeal relates solely to that part of the Board's decision regarding its interpretation of the statutory and regulatory scheme of issuing subpoenas for deposition of medical providers. According to the parties,[FN2] however, neither party [*2]raised any issue regarding the subpoena for the medical provider's deposition or the subsequent Supreme Court order quashing the subpoena, nor did the employer request an adjournment to conduct such deposition. Furthermore, as the employer acknowledges, any need to conduct a deposition of claimant's medical provider was obviated by its stipulation to the WCLJ's finding, which included periods of less than total disability. As such, any discussion by the Board regarding subpoenas for deposition testimony of medical providers has no impact under the circumstances here and is merely advisory. Accordingly, as the employer is not aggrieved, "we lack jurisdiction to entertain [the employer's] appeal and it must be dismissed" (Matter of Birro v Wolkow-Braker Roofing Corp., 221 AD3d at 1222 [internal quotation marks and citation omitted]; see CPLR 5511).
Egan Jr., J.P., Pritzker, McShan and Mackey, JJ., concur.
ORDERED that the appeal is dismissed, without costs.

Footnotes

Footnote 1: The initial subpoena was withdrawn due to an apparent defect and a new corrected subpoena was subsequently issued.

Footnote 2: The transcript of the April 25, 2022 hearing is not included in the Record on Appeal.