People v Williams

2026 NY Slip Op 03334

May 28, 2026

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

The People of the State of New York, Respondent,

v

Lawrence J. Williams, Appellant.

Decided and Entered:May 28, 2026

113452, CR-24-1424

Calendar Date: April 30, 2026

Before: Pritzker, J.P., Ceresia, Fisher, Mcshan And Corcoran, JJ.

Catherine A. Barber, Guilderland, for appellant.

Weeden A. Wetmore, District Attorney, Elmira (Nathan M. Bloom of counsel), for respondent.

[*1]

Ceresia, J.

Appeals (1) from a judgment of the County Court of Chemung County (Ottavio Campanella, J.), rendered December 17, 2021, convicting defendant upon his plea of guilty of the crime of murder in the second degree, and (2) by permission, from an order of said court, entered June 6, 2024, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment of conviction, without a hearing.

Defendant was charged in a three-count indictment with offenses connected to a fatal shooting that occurred in the City of Elmira, Chemung County in April 2021. In October 2021, defendant pleaded guilty to murder in the second degree in satisfaction of the indictment. The plea agreement, which included a waiver of the right to appeal by defendant, contemplated that he would be sentenced to 20 years to life in prison. County Court imposed the agreed-upon sentence in December 2021.

After defendant filed a series of pro se motion papers seeking, among other things, to vacate the judgment of conviction pursuant to CPL 440.10, County Court assigned counsel who formally moved in April 2024 for a hearing on the arguments advanced in those papers.FN1 County Court denied the motion without a hearing. Defendant appeals from the judgment of conviction and, by permission, from the denial of his motion to vacate it.

We affirm. Turning first to the issues on defendant's direct appeal, we reject his challenge to the validity of his appeal waiver. County Court advised defendant during the plea colloquy that a waiver of the right to appeal was a condition of the plea agreement, explaining how the right to appeal was separate and distinct from the trial-related ones he was forfeiting by pleading guilty and how he would give up the right to have an appellate court consider most claims of error if he waived it. Defendant acknowledged that he understood, had discussed the issue with counsel and was voluntarily waiving his right to appeal. Defendant then executed a detailed written appeal waiver in open court that explained how appellate review remained available for certain issues, several of which were named, and he confirmed to County Court that he had reviewed the written waiver with counsel and understood it. Under these circumstances, defendant's combined oral and written waiver was knowing, intelligent and voluntary (see People v Bridges, 244 AD3d 1674, 1675 [3d Dept 2025]; People v Carota, 235 AD3d 1069, 1070 [3d Dept 2025], lv denied 43 NY3d 962 [2025]). Defendant's separate "challenge to the perceived severity of the agreed-upon sentence is foreclosed" by that valid waiver (People v Acosta, 244 AD3d 1676, 1677 [3d Dept 2025]; see People v Lopez, 6 NY3d 248, 256 [2006]).

As for his challenge to the knowing, voluntary and intelligent nature of his guilty plea, there is no indication that defendant sought to withdraw his plea prior to sentencing and, indeed, he made clear that he did not want to do so when the People raised the issue at sentencing. It follows that "[a]ny [*2]record-based claims in this regard are unpreserved for appellate review insofar as defendant did not file a postallocution motion to withdraw the plea prior to sentencing despite an adequate opportunity to do so," and the narrow exception to the preservation rule is not implicated (People v Kadar, 244 AD3d 1669, 1671 [3d Dept 2025]; see People v Bailey, 232 AD3d 1031, 1033 [3d Dept 2024], lv denied 43 NY3d 929 [2025]). Our review of the record would, in any event, leave us satisfied that defendant made a knowing, voluntary and intelligent decision to plead guilty.

Turning to defendant's appeal from the summary denial of his CPL 440.10 motion, "[t]he decision to grant or deny a CPL article 440 motion, with or without a hearing, is entrusted to the sound discretion of the trial court" (People v Phelps, 236 AD3d 1194, 1195 [3d Dept 2025]; see People v Carota, 235 AD3d at 1071). Notably, "[t]o demonstrate the existence of questions of fact requiring a hearing, a defendant is obliged to show that the nonrecord facts sought to be established are material and would entitle him or her to relief, and a court may deny a vacatur motion without a hearing if it is based on the defendant's self-serving claims that are contradicted by the record or unsupported by any other evidence" (People v Lerario, 246 AD3d 1281, 1286 [3d Dept 2026] [internal quotation marks and citations omitted]; see People v Kadar, 244 AD3d at 1673).

Defendant first argued in his CPL article 440 motion that trial counsel rendered ineffective assistance by, among other things, failing to sufficiently explain the consequences of pleading guilty or seeking to withdraw that plea.FN2 His failure to provide either an affirmation from trial counsel or an explanation for the absence of one warranted the summary denial of that aspect of the motion (see People v Wright, 27 NY3d 516, 522 [2016]; People v Gibson, 240 AD3d 1054, 1059 [3d Dept 2025]; People v Hooker, 230 AD3d 1465, 1468 [3d Dept 2024]). The self-serving assertions regarding counsel in defendant's affidavits are, in any event, "belied by defendant's statement[s] during the plea colloquy" that he had discussed the terms of the plea agreement and the trial-related rights he was giving up (many of which were described during the colloquy itself) with counsel, was satisfied with her services, and was voluntarily pleading guilty (People v Vittengl, 203 AD3d 1390, 1393 [3d Dept 2022]; see People v Roque, 234 AD3d 1050, 1054 [3d Dept 2025], lv denied 43 NY3d 946 [2025]; People v Guilianelle, 233 AD3d 1179, 1181 [3d Dept 2024], lv denied 43 NY3d 1009 [2025]).

As for the other claims advanced by defendant in his CPL article 440 motion, his unsupported claim of actual innocence was foreclosed by his valid guilty plea (see People v Roque, 234 AD3d at 1052; People v Lamb, 162 AD3d 1395, 1397 [3d Dept 2018], lv denied 32 NY3d 1112 [2018]). "His argument that he was deprived of his right to appear before the grand jury could have been raised on direct [*3]appeal" with the exercise of due diligence on his part (People v Gillespie, 205 AD3d 1212, 1216 [3d Dept 2022] [citation omitted], lv denied 39 NY3d 1072 [2023]; see CPL 440.10 [2] [b]). Defendant's remaining assertions are either contradicted by the record, could have been raised upon direct appeal through the exercise of due diligence or do not provide a legal basis for granting the motion (see CPL 440.10 [2] [b]; [3] [a]; 440.30 [4]; People v Carota, 235 AD3d at 1071-1072). Thus, County Court did not abuse its discretion in denying his motion without a hearing.

Pritzker, J.P., Fisher, McShan and Corcoran, JJ., concur.

ORDERED that the judgment and the order are affirmed.

Footnotes

Footnote 1

Although defendant has included portions of his motion papers in his appendix, the papers are absent from the actual stipulated record on appeal. Nevertheless, we elect to take judicial notice of a complete copy of the motion papers "provided to this Court during the course of the parties' appellate motion practice" (Travis A. v Vilma B., 197 AD3d 1401, 1402 n 1 [3d Dept 2021]; seeTuckett v State of New York, 44 NY3d 432, 441 [2025]).

Footnote 2

"As defendant's claims of ineffective assistance of counsel raise both record-based and nonrecord-based allegations of ineffectiveness, they will be addressed together in their entirety in the context of defendant's appeal from the denial of his CPL 440.10 motion" (People v Roque, 234 AD3d 1050, 1052 [3d Dept 2025] [internal quotation marks and citations omitted], lv denied 43 NY3d 946 [2025]).